SARAH F. GALUSHA, Appellant, *v.* NORMAN H. GALUSHA, Respondent.

Where the judgment in an action for divorce dissolved the marriage and adjudged that defendant should pay to plaintiff a certain sum annually as alimony, and should give as security for such payment a mortgage upon real estate, *held*, that to stay proceedings pending an appeal to this court from an affirmance of the judgment, defendant was required not only to execute an undertaking to pay the installments accruing prior to a decision upon the appeal in case the judgment should be affirmed, but also to execute and deposit with the clerk of the Supreme Court a mortgage as directed by the judgment.

(Argued December 13, 1887; decided January 17, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 21, 1887, which affirmed an order of Special Term, the nature of which and the material facts are stated in the opinion.

*Nathaniel Foote* for appellant. This is not a judgment for a sum of money, or directing the payment of a sum of money within the intent and meaning of section 1327 of the Code of Civil Procedure, which provides for a stay of proceedings upon appeal to this court from such a judgment as matter of

right, upon giving the undertaking therein specified. (Code of Civil Pro., § 1769; *Winton* v. *Winton*, 31 Hun, 290; *Fagan* v. *Fagan*, 39 id. 531; *Wells* v. *Wells*, 10 N. Y. State Rep. 248; *Kamp* v. *Kamp*, 59 N. Y. 212; *Erkenbrach* v. *Erkenbrach*, 96 id. 456.) The Supreme Court has full and undoubted power over its own judgments, and particularly it has power to order a stay of proceedings under its judgments pending appeals therefrom upon such terms as to security or otherwise as seems proper to it. (*Granger* v. *Craig*, 85 N. Y. 619.) Plaintiff should have been permitted to enforce the provisions of the decree in her favor, notwithstanding the security given by defendant on appeal. (*Parfitt* v. *Warner*, 13 Abb. Pr. 471; *Bank of Havanna* v. *Moore*, 8 N. Y. Weekly Dig. 198.) As to the mortgage this provision of the decree is substantive and primary and not merely auxilliary. (*Bank of Havanna* v. *Moore*, 8 N. Y. Weekly Dig. 198; *Field* v. *Field*, 66 How. Pr. 347; S. C. 15 Abb. [N. C.] 434.)

*William H. Bowman* for respondent. Temporary alimony allowed to wife is always much smaller than that allowed as permanent alimony. (*Lawrence* v. *Lawrence*, 3 Paige, 267; *Germond* v. *Germond*, 4 id. 643; 2 Bishop on Mar. & Div. [5th ed.] §§ 460, 461 and notes.) If the wife has sufficient property to conduct litigation and support herself during the pendency of the action for divorce proceedings, there is no occasion nor is it usual to allow more until her own means are exhausted. (*Osgood* v. *Osgood*, 2 Paige, 624; *Morrell* v. *Morrell*, 2 Barb. 480; *Collins* v. *Collins*, 2 Paige, 9; Willard's Eq. Juris. [Potter's ed.] 667, 668.)

EARL, J. The plaintiff commenced this action against the defendant to obtain an absolute divorce from him on the ground of adultery. The action was tried and resulted in a judgment dissolving the marriage between the parties, and, among other things, decreeing and adjudging that the defendant should pay to the plaintiff, as an allowance for alimony, the sum of $3,750 a year from the 1st day of February, 1886, during her

natural life, in quarterly payments of $937.50 each, and that the defendant should, within thirty days from the date of the entry of the judgment, give to her as security for the payment of such allowance a mortgage upon his real estate situated in this state, or otherwise as might be directed or approved by a justice of the Supreme Court or by the county judge of Monroe county. From that judgment the defendant appealed to the General Term, where the allowance of alimony was reduced to $3,000 a year, payable in equal quarterly payments of $750 each, and, with the exception of another slight modification not material here, the judgment, as modified, was affirmed. The defendant then appealed to this court and, upon his application, a justice of the Supreme Court at chambers made an order that he enter into an undertaking upon the appeal in the usual form in the sum of $10,000, conditioned to pay the installments of alimony in case this court should affirm the judgment, and that all the proceedings in the action be stayed until the hearing and determination of the appeal. Thereafter the defendant, with two sureties, executed an undertaking conditioned that the appellant would pay all costs and damages which might be awarded against him on the appeal, not exceeding the sum $500, and also pay each installment of alimony which should become payable pending the appeal or the part thereof as to which the judgment should be affirmed, not exceeding $10,000. Subsequently, upon an affidavit of the defendant's attorneys showing that that undertaking had been given and filed, and a copy thereof served upon plaintiff's attorneys, an *ex parte* order was made at Special Term directing that all proceedings on the part of the respondent should be stayed until the determination of the appeal. Afterward the plaintiff's attorney made a motion at Special Term that the two *ex parte* orders should be vacated and that the defendant should be required to make immediate payment of all unpaid alimony due the plaintiff, according to the terms of the judgment, and that without further delay he be required to secure, according to the terms of the judgment, the payment of the permanent alimony or allowance during the term of her nat-

ural life.    The motion was granted so far as to vacate the two *ex parte* orders, and denied as to the balance thereof in the following language:

" That the residue of the relief asked for upon said motion be denied on the ground that the undertaking executed on behalf of defendant, and duly approved as to its form, amount and sufficiency of the sureties, is sufficient to stay all proceedings on the part of the plaintiff, under the judgment herein, until the determination of the defendant's appeal to the Court of Appeals."

From this part of the order the plaintiff appealed to the General Term where the order was affirmed, and then she appealed to this court.    The claim of the defendant is that the judgment in this action is one for a sum of money or directing the payment of a sum of money, and that therefore the execution of the judgment was stayed by the undertaking given under section 1327 of the Code.    If the judgment simply directed the payment of a sum of money, the contention of the defendant would undoubtedly be right.    But it not only required the defendant to pay the alimony in installments, but also required him to execute and deliver to the plaintiff a mortgage upon his real estate as security for the payment of the alimony.    Therefore the undertaking which he gave falls far short of covering the whole judgment. It does not even secure the whole of the alimony.    It secures only the installments which may fall due pending the appeal; and during the pendency of the appeal the defendant's property may be lost or removed from the State, and any further payments of alimony may thus be defeated.

We think, therefore, that this case falls fairly within the letter and spirit of section 1330 of the Code which provides that " if the appeal is taken from a judgment or order directing the execution of a conveyance or other instrument, it does not stay the execution of the judgment or order until the instrument is executed and deposited with the clerk with whom the judgment or order is entered to abide the direction of the

appellate court." That was a substantial part of this judgment and perhaps the most valuable part of it to the plaintiff, which directed the execution of the mortgage to secure the alimony awarded, and we think, therefore, that in order to stay the execution of the judgment, the defendant was required not only to execute the undertaking which he filed, but also to execute and deposit with the clerk of the Supreme Court a mortgage as directed by the judgment.

The orders of the General and Special Terms, so far as appealed from, should therefore be reversed with costs to the plaintiff in the Supreme Court and in this court, and the case should be remanded to the Special Term that it may take final action upon the plaintiff's motion.

All concur.

Ordered accordingly.