JOSEPHINE M. McBRIDE, Respondent, *v.* ROBERT P. McBRIDE, Appellant.

In an action for divorce, brought by the wife, a motion for a temporary allowance and counsel fee was denied by the Special Term, on the ground that final judgment had been rendered for plaintiff, awarding her alimony and costs, and that, although the defendant had appealed therefrom and procured a stay, and the wife had no means of support or for defending the appeal, yet the court was without power to grant the relief desired. This order was reversed by the General Term, and the case remitted to the Special Term for a decision on the merits. *Held*, that the order of the General Term was not final, and so was not appealable to this court.

*It seems*, that power exists in such a case to make the allowance sought during the pendency of the appeal from the judgment and until the final determination of the action. (Code Civ. Pro. § 1769.)

*Winton* v. *Winton* (31 Hun, 290), questioned.

*Kamp* v. *Kamp* (59 N. Y. 212); *Erkenbach* v. *Erkenbach* (96 id. 456), distinguished and explained.

*It seems*, also, that the court below, in the exercise of its discretion, may and should require, as a condition of the allowance, that plaintiff stipulate that the sums allowed shall, in case of an affirmance of the judgment, be applied by her as payment *pro tanto* thereon.

Reported below, 55 Hun, 401.

(Argued February 24, 1890; decided March 11, 1890.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 28, 1890, which reversed an order of Special Term denying a motion for alimony and counsel fees pending appeal from final judgment.

The nature of the appeal and the material facts are stated in the opinion.

*Preston Stevenson* for appellant. The order of the General Term is appealable. (*S. Bank* v. *Alberger*, 78 N. Y. 252; *E. L. Co.* v. *Stevens*, 63 id. 341.) The construction given to the statute by the General Term respecting the allowance of alimony and counsel fees cannot be sustained. (2 R. S. chap. 8, §§ 58, 59; Code Civ. Pro. §§ 245, 1200, 1346, 1628, 1767, 1769–1773; 103 N. Y. 402; *Winton* v. *Winton*, 31 Hun, 290; *Cullen* v. *Cullen*, 23 J. & S. 346; *Wells* v. *Wells*, 10 N. Y. S. R. 248; 49 Barb. 174, 175; 36 How. Pr. 114; 35 Hun, 89; 5 Abb. [N. C.] 326; 9 id. 323.)

*W. Bourke Cockran* and *Samuel C. Adams* for respondent. The order of the General Term is not appealable. (*Catlin* v. *Grissler*, 57 N. Y. 363; *Crosby* v. *Stephan*, 97 id. 606; *Roe* v. *Boyle*, 81 id. 305; *In re Latz*, 110 id. 661.) The court had power to make the order asked for. (*Riggs* v. *Palmer*, 115 N. Y. 506; 15 Abb. Pr. [N. S.] 307; *Wood* v. *Wood*, 7 Lans. 204; *Moncrief* v. *Moncrief*, 15 Abb. Pr. 187; Code, § 1769.)

FINCH, J. The Special Term denied a motion for a temporary allowance and counsel fee in an action for a divorce, upon the ground that final judgment had been rendered for the plaintiff, awarding to her alimony and costs; and that, although the defendant had appealed from that judgment and procured a stay of proceedings, and the wife had no means of support or for defending the appeal available in the emergency, yet the court was without power to grant her the desired relief. The General Term reversed this order, holding that power existed to make the allowance sought, although judgment had

been entered in the action, and remitted the case to the Special Term for a decision upon the merits of the application. From that order the present appeal is taken.

The appeal must be dismissed. The order of the General Term is not final. The Special Term is yet to act upon the application, and may refuse it upon the merits. We cannot know in advance what the ultimate determination will be ; but since the question of power has been fully argued before us and an expression of our opinion may save another appellate journey from the Special Term to this court, we have deemed it best to express our concurrence in the conclusion of the General Term that power exists to make the allowance during the pendency of the appeal and until the ultimate determination of the action. The Special Term followed the decision in *Winton* v. *Winton* (31 Hun, 290), and some other cases in the Supreme Court, which merge every right of the plaintiff in the final judgment, and deny the power of the court thereafter to make a temporary allowance. No case in this court appears to have decided the question. In *Kamp* v. *Kamp* (59 N. Y. 212) and *Erkenbach* v. *Erkenbach* (96 id. 456), the applications were made many years after judgment, in the absence of any appeal, and when by lapse of time, no appeal was possible. The actions were no longer pending, jurisdiction over the parties had ceased, and all questions as to the alimony were decided by and referable to the judgments entered ; but in this case, although a judgment, final for the purposes of an appeal, is entered, the action is still pending. The jurisdiction over the parties remains through the further steps regularly taken, and the action is in no sense or respect ended. By the terms of section 1769 of the Code, the allowance may be made " from time to time," " during the pendency " of the action, and is described " as necessary to enable the wife to carry on or defend the action." That is one of the purposes to be subserved, and the need of it is quite as pressing and obvious after the judgment and pending the appeal as before. It could not have been contemplated that before judgment the wife should be aided in maintaining her rights, but after judgment in her

favor, should be left to starve during the pendency of an appeal, and should be disarmed by her very success from defending the judgment in her favor.

The suggestion that by granting the motion the defendant's stay of proceedings will be violated and impaired, and that if the judgment is affirmed he may, in effect, be compelled to pay the same amount twice over, have these answers, that the allowance sought is temporary and may be much less than the permanent alimony which has been stayed, and the court in the exercise of its discretion may, and should require as a condition of the allowance, that the plaintiff stipulate that the sums allowed shall, in case of an affirmance of the judgment, be applied by her as payment *pro tanto* thereon. These views will enable the Special Term to act understandingly, and we hope may serve to obviate the need of an appeal from its order.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.