is apparent that the modification was made of the justice's judgment, in the exercise of the powers given to the County Court by section 3043, and it was the intent of the court that the respondent should have only ten dollars besides disbursements for his costs in the County Court. In the respect mentioned as to damages, and as just stated as to costs, the judgment of the County Court was modified, so that it remained a judgment for plaintiff of forty-eight dollars and ten dollars costs besides disbursements. (See Code Civ. Proc. § 3066.) (2) The decision, or memorandum thereof, stated that the judgment of the County Court was modified as to damages and costs in the County Court in the respects mentioned, "and as so modified affirmed, without costs of the appeal to either party;" the last part of the memorandum of decision applies to the costs of the appeal in this court; that must control notwithstanding any expression in the affirmance inconsistent therewith. The decision or memorandum, and the order entered thereon, may be amended so as to read, viz.: Judgment of the County Court modified, so that it shall award a recovery of only forty-eight dollars damages to the plaintiff, and costs in the sum of ten dollars only, besides the disbursements in the County Court, and any other costs inserted in the judgment entered on the judgment of the County Court are stricken out of the record, neither party to have costs on the appeal to this court. (3) The motion, so far as it asks for a reargument or for leave to appeal to the Court of Appeals, is denied, without costs. Upon serving a copy of this memorandum, either party may, upon five days' notice, have an order settled before HARDIN, P. J. No costs are allowed upon this motion.

In the Matter of Proceedings to Remove Lewis E. Mosher, Justice of the Peace.— Order granted, continuing case to next term.

Holland C. Johnson, Appellant, v. Lewis Warren, Respondent.— Order affirmed, with ten dollars costs and disbursements.

Esther Y. McCarthy, Appellant, v. Eugene McCarthy, Respondent.— Order reversed, with ten dollars costs and disbursements. Held, (1) that the giving of the undertakings specified in the papers before us, did not operate per se as a stay of proceedings without the giving of the bond with sureties as provided in the judgment. (Code Civ. Proc. § 1330; Galusha v. Galusha, 108 N. Y. 114.) (2) That if the Supreme Court has power to stay proceedings on the judgment without the giving of the bond called for by the judgment, as intimated in Granger v. Craig (85 N. Y. 619), there is no sufficient reason apparent in the papers before us for the exercise of the discretion of the court in that regard.

Leah V. Briggs and Others, Appellants, v. Azzle Clark, Respondent.— Order reversed, without costs; action upon the appeal suspended.

Horace B. Ensworth, Respondent, v. Albert Wright, Appellant.— Judgment affirmed, with costs.

John M. Walker and Another, Appellants, v. Arthur E. McAllister, Respondent, Impleaded, etc.— Judgment and order reversed and a new trial ordered, with costs to abide the event. Held, (1) the court erred in receiving evidence of Phillips' conversation with McAllister, at folio 181 of case. (2) Whether on the facts the defendant was entitled to have the case submitted to the jury is at least doubtful, but as the judgment must be reversed for the error already pointed out, we do not discuss that question.

Cordelia Green, Respondent, v. Peter Rebyor, Appellant.— Judgment and order affirmed, with costs.

John Flynn, Appellant, v. George D. Lathrop, as Administrator, etc., Respondent.— Judgment and order affirmed, with costs.

Seymour Smith, Respondent, v. George Barnard, Appellant.— Judgment affirmed, with costs.

Havana Journal, Appellant, v. Sewell Pike, Respondent.— Judgment affirmed, with costs.

Havana Journal, Appellant, v. Mary E. Weed and Others, Respondents.— Judgment affirmed, with costs.

Daniel Schmeer, as Administrator, etc., Appellant, v. Gas Light Company of Syracuse, Respondent.—Judgment affirmed, with costs.

Isaiah J. De Foe, Appellant, v. Mary Baltz, Respondent.— Judgment reversed and a new trial ordered, with costs to abide the event. Held, that the evidence presented a question of fact which ought to have been submitted to the jury.

Benjamin Blackburn, Appellant, v. The Rome, Watertown and Ogdensburgh Railroad Company, Respondent.— Judgment affirmed, with costs. (See Redmond v. Same Defendant, 31 N. Y. St. Repr. 366, and cases cited therein.)

Thomas Fanning, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs.

Catherine Boland, as Administratrix, etc., Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment and order reversed and a new trial ordered, with costs to abide the event. Held, that the question of damages should have been submitted to the jury. (47 N. Y. 317, Ihl v. Forty-second Street R. R. Co.; 23 Hun, 449, Gorham v. The Central & H. R. R. R. Co.; 110 N. Y. 504, Birkett v. Knickerbocker Ice Co.; 117 id. 542, Murray v. Usher; § 1904, Code Civ. Proc.)

Moses Nelson, Appellant, v. Jason Burchell, Respondent.— Judgment affirmed, with costs.

Wilson H. Gardinier, Appellant, v. Mary J. Perry and Others, Respondents.— Judgment and order affirmed, with costs.

Simon D. Paddock, Appellant, v. Patrick Guyder, Respondent.— Interlocutory judgment affirmed, with costs. (See 33 Hun, 34; 21 N. Y. St. Repr. 326; 104 N. Y. 518; 133 id. 242.)

LaFayette Denio, Respondent, v. John Lord, Appellant.—Judgment and order affirmed, with costs.

73 616
152a 637

73 616
148a 420

73 616
147a 529

73 616
151a 627

73 616
148a 720