## WINKEMEIER v. WINKEMEIER.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

DIVORCE—JUDGMENT FOR PLAINTIFF—ALLOWANCE FOR PLAINTIFF'S APPEAL.

Where plaintiff has a final judgment dissolving the marriage, giving her the custody of her child, and awarding alimony for her and its support, a motion for counsel fees, to enable her to have the question of alimony reviewed, must be supported by a meritorious showing.

Appeal from special term, Kings county.

Action by Maud B. Winkemeier against Christian F. Winkemeier for divorce. From an order awarding to plaintiff's attorneys a counsel fee of $500 to prosecute plaintiff's appeal from a judgment in her favor, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James C. Cropsey, for appellant.

James R. Soley, for respondent.

BRADLEY, J. The plaintiff having recovered judgment for divorce, giving to her the custody of her child, and awarding an annual allowance of $2,400 for herself and child, appealed from the judgment; and thereafter the plaintiff moved for the allowance of $800 for the payment of expenses theretofore incurred, and the sum of $500 for the payment of counsel fees and other expenses necessary to prosecute the appeal. The court could not properly allow against the defendant any sum to the plaintiff to pay her past expenses. Code Civ. Proc. § 1769; Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550. Assuming that the amount awarded by the order was to enable the plaintiff to prosecute her appeal, the question arises whether it can, in that view, be supported. She had her final judgment dissolving the marriage and granting her the other relief before mentioned. Some reason must be made to appear fairly requiring or justifying the claim for the allowance. If the appeal had been taken by the defendant, it might be seen, from that fact, that the plaintiff would require pecuniary means to defend her judgment against the attack of the appeal. McBride v. McBride, 119 N. Y. 519, 23 N. E. 1065. Our attention is called to no case in which allowance has been made to the wife as an appealing party from a judgment recovered by her. Without holding that there may not be cases in which such relief might be permissible, those in which it would be allowed must present a meritorious reason for it. The purpose of the appeal from the judgment, as indicated in the motion, is to review the determination of the court upon the question of alimony. The evidence upon that subject, given on the trial, is not, nor is the record upon which the appeal may be heard, before us; and, so far as facts are presented by the affidavits and papers upon which the motion was heard, we are unable to see any well-founded support for the allowance made for the expenses by the order.

The portion of the order appealed from should be reversed, and the motion denied, without prejudice to the right of the plaintiff to renew the motion at special term on showing some merit in its support. All concur.