DI LORENZO v. DI LORENZO.

·(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. ANNULMENT OF MARRIAGE — REVERSAL OF DECREE — ALIMONY PENDING
   APPEAL.
       Code Civ. Proc. § 1310, provides that an appeal to the court of appeals,
   when perfected, shall stay all proceedings to enforce the judgment ap-
   pealed from. *Held*, that an order allowing alimony to a wife, who has
   had a judgment against her annulling her marriage reversed by the ap-
   pellate division, granted on motion made after an appeal from the judg-
   ment of reversal has been perfected in the court of appeals, is not an
   order enforcing the judgment of reversal, so as to contravene the statute,
   but is, in effect, a grant of alimony pending suit.

Appeal from special term, Kings' county.

Action for annulment of marriage by Gregorio Di Lorenzo against
Johanna Di Lorenzo. From an order denying defendant's motion for
alimony, she appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

Edward Hymes (Michael Schaap, on the brief), for appellant.
Byron Traver, for respondent.

HIRSCHBERG, J. The order which is the subject of this appeal
grants the defendant's motion for a counsel fee to be paid to her attor-
ney for the purpose of defending the judgment of this court (Di
Lorenzo v. Di Lorenzo, 71 App. Div. 509, 75 N. Y. Supp. 878) on the
appeal therefrom by the plaintiff, now pending in the court of appeals,
but denies her motion, made at the same time, for alimony to be paid
to her during the pendency of the action, and for past alimony. The
action was brought to procure an annulment of the marriage between
the parties, and a judgment in the plaintiff's favor was reversed by the
·decision referred to, and a new trial was granted. The appeal to the
·court of appeals had been perfected at the time the motion was made,
and that fact is urged by the respondent in support of the order ap-
pealed from, on the theory that, as the perfected appeal to the court of
appeals operated to stay proceedings to enforce the order of this court
(Code Civ. Proc. § 1310), it of necessity operated to stay the judicial
acquisition of any right founded thereon. The motion for alimony
is not a proceeding within the meaning of the Code ·enforcing the
order or judgment of this court. The order of this court reversed the
judgment and granted a new trial. Subject to the right to appeal and
the incidental stay of the new trial until the determination of the ap-
peal, the parties are in the same position as they were in before the
former trial was had. Their status as husband and wife is meanwhile
restored. It was held in Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9,
that the power to grant alimony in actions of this character is within
the equitable jurisdiction of the supreme court, aside from the general
regulations of proceedings relating to alimony contained in the Code.
And in McBride v. McBride, 119 N. Y. 519, 23 N. E. 1065, it was held

that, where the plaintiff, the wife, had recovered a judgment of divorce awarding her alimony, from which judgment an appeal was taken by the defendant to the court of appeals and a stay procured, she was nevertheless at liberty to obtain a temporary allowance of alimony pending the appeal and until the final determination of the action. Here the application is not to be regarded as made after final judgment, but is to be regarded as made before trial, and the right in a proper case to the relief sought is within the precise provisions of section 1769 of the Code of Civil Procedure. The cases cited dispose of the respondent's contention.

On the papers presented the defendant made out a case entitling her to a reasonable allowance by way of alimony. They establish her inability to properly support herself unaided and her husband's ability to pay. Indeed, an order was granted in the First department giving her an allowance of $7 per week for alimony in an action previously instituted by her for a separation, and this sum was regularly paid to her by her husband until the decree of annulment was procured by him. Thereafter her action was discontinued, and the payments ceased. The motion now under consideration asks for alimony from that time, but we are of opinion that the claims of equity will be fully answered, in view of all the circumstances of the case, by an allowance for alimony at the former rate from the time the motion was made, the motion being the first one made in the pending action.

The order, so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion for alimony granted by allowing the sum of $7 per week from the time the motion was made, with costs. All concur.