KATIE BAUMAN, Appellant, *v.* ABRAHAM H. BAUMAN, Respondent.

First Department, May 2, 1924.

Husband and wife — action by wife for separation — temporary alimony and counsel fees may be awarded under Civil Practice Act, § 1169, pending appeal from judgment in favor of wife, notwithstanding stay — temporary alimony will be applied on permanent alimony granted in judgment if same is affirmed.

In an action for separation brought by a wife, the court has the power under section 1169 of the Civil Practice Act to award temporary alimony and counsel fees to the plaintiff pending an appeal from a judgment in her favor, which awards her permanent alimony, notwithstanding all proceedings under the judgment were stayed pending the appeal; but the temporary alimony so awarded must be applied as payment *pro tanto* of the judgment in the event of affirmance.

APPEAL by the plaintiff, Katie Bauman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of November, 1923, denying her motion for alimony and counsel

fee pending an appeal by the defendant from a judgment in favor of the plaintiff for separation and separate maintenance.

*Louis Lipskin* [*Herman Kahn* of counsel], for the appellant.

*Myers & Kutner* [*Joseph H. Kutner* of counsel], for the respondent.

McAvoy, J.:

The order now here denied the plaintiff's motion for alimony and counsel fees, pending the determination of an appeal taken by the defendant from a judgment of separation which awarded alimony to the plaintiff and against the defendant.

The action was for a separation and was tried in June, 1923. Alimony *pendente lite* was denied, but an allowance of fourteen dollars per week for the support of the child, the issue of the marriage, was granted.

On the 18th of September, 1923, judgment in favor of the plaintiff was entered. After the separation trial the court awarded the plaintiff $200 per month alimony, the first payment to be made in August, 1923. Defendant served notice of appeal from the judgment and filed an undertaking, as required by law, and procured a stay of all proceedings under the judgment pending the determination of the appeal.

In October, 1923, plaintiff moved for the relief of temporary alimony, pending the appeal, and for counsel fees, which was denied.

The ruling in *McBride* v. *McBride* (55 Hun, 401) which, although dismissed on technical grounds, is followed as to the subject-matter of the appeal in 119 New York, 519, and in *Haddock* v. *Haddock* (75 App. Div. 565), support the power of the court to make an award of this kind, notwithstanding the pending appeal from, and stay of, the judgment by the filing of an undertaking. In the *McBride Case* (119 N. Y. 519) the opinion concludes with this comment: " The suggestion that by granting the motion the *defendant's stay of proceedings will be violated and impaired,* and that if the judgment is affirmed he may, in effect, be compelled to pay the same amount twice over, have these answers, that the allowance sought is temporary and may be much less than the permanent alimony which has been stayed, and the court in the exercise of its discretion may, and should require as a condition of the allowance, that the plaintiff stipulate that the sums allowed shall, in case of an affirmance of the judgment, be applied by her as payment *pro tanto* thereon. These views will enable the Special Term to act understandingly, and we hope may serve to obviate the need of an appeal from its order."

Under this authority interpreting section 1769 of the Code of Civil Procedure, now section 1169 of the Civil Practice Act, we

are convinced that we ought to allow $100 temporary alimony and $250 counsel fee to plaintiff to enable her to properly prepare for and respond to the appeal.

Such sums as are paid hereunder, plaintiff is to stipulate, are to be applied as payment *pro tanto* of the award of the judgment in the event of affirmance.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, awarding plaintiff $100 a month alimony *pendente lite* and $250 counsel fee. Settle order on notice.