## FLORA DRAKE BICKLE v. FRANCIS B. J. BICKLE.[1]

February 7, 1936.

No. 30,669.

See 194 Minn. 375, 260 N. W. 361.

*William Merrill* and *Bessesen & Bessesen,* for appellant.

*Frank J. Zima,* for respondent.

HILTON, JUSTICE.

Appeal from certain orders of the district court granting plaintiff permanent and temporary alimony in addition to that obtained in a previous action.

Plaintiff was granted a divorce from the defendant on June 27, 1934. The decree was affirmed in an opinion filed April 26, 1935. Bickle v. Bickle, 194 Minn. 375, 260 N. W. 361. By the decree plaintiff was granted a lump sum award, $17,500 plus attorney's fees, some temporary alimony, and use of the defendant's homestead until compliance with the judgment. The $17,500 was stipulated to be one-third or more of the total value of defendant's property. On July 8, 1935, defendant paid plaintiff $17,616.10 which plaintiff accepted in *pro tanto* settlement of the judgment.

On August 9, 1934, the lower court made an order requiring the defendant to pay plaintiff $100 a month temporary alimony "until

[1]Reported in 265 N. W. 276.

the further order of the court" and also restrained defendant from disposing of any of his property. Two days later the court made another order, without referring to the previous one, wherein defendant was ordered to pay plaintiff $100 a month temporary alimony "until the final determination of any appeal herein," and awarded the plaintiff the right to live in defendant's homestead.

On July 8, 1935, the lower court issued a peremptory order which recited that the defendant was in arrears $216.10 for temporary alimony (i. e., $12.96 for the month of March; $3.14 for the month of April; $100 each for the months of May and June, all during 1935); ordered that such amount be paid, and that the order of August 9, 1934, remain in full force until further order of the court. On July 12, 1935, the court made an order amending the original judgment so that the full sum awarded therein, interest thereon, and the claimed temporary alimony was made a specific lien upon defendant's homestead; plaintiff to have an execution issued for the unpaid portion of the judgment.

This is an appeal from the orders of July 8 and July 12, 1935, and from all intermediate orders and writs involving the merits of or affecting said judgment or amended judgment.

On June 11, 1935, the lower court made an order denying defendant's motion that the court fix and determine the exact amount due from defendant to plaintiff; find that there was a balance due plaintiff from defendant of $16,600 in addition to the taxed and allowed costs and attorney's fees, and that plaintiff be restrained and enjoined from having an execution levied upon defendant's property if defendant paid the amount thus determined to be due. There was no appeal from that order. Plaintiff claims that the entire controversy was there determined and that the matter raised on this appeal is res adjudicata. We cannot agree. The order was entirely of a negative nature. It determined nothing. The court refused to determine any specific amount as being due plaintiff. Nothing else can be inferred from the order. The refusal to issue the conditional restraining order had nothing at all to do with the merits of the case.

Defendant contends that the lower court was in error in granting the plaintiff temporary alimony pending the appeal without amending the judgment. It is well settled that such alimony can be allowed in the discretion of the court where there is a showing justifying it. See 2 Mason Minn. St. 1927, § 8593; Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; 2 Schouler, Marriage, Divorce, Separation and Domestic Relations (6 ed.) p. 1954, § 1776. There is some dispute in the cases as to whether the lower court or the appellate court has the jurisdiction so to do, but in most jurisdictions the power is concurrent. See Keezer, Marriage and Divorce (2 ed.) p. 512, § 685. The lower court here did not exceed its authority. However, the final determination of a suit for divorce supersedes any power on the part of a court to grant further temporary alimony. Chestnut v. Chestnut, 77 Ill. 346; McCaleb v. Mc-Caleb, 177 Cal. 147, 169 P. 1023; see Becker v. Becker, 153 Wis. 226, 140 N. W. 1082, L. R. A. 1915E, 56. An order granting temporary alimony terminates then even if the order provides that the alimony is to be paid "until further order of the court." Osborne v. Osborne, 146 Ga. 344, 91 S. E. 61; Heilbron v. Heilbron, 158 Pa. 297, 27 A. 967, 38 A. S. R. 845; Swallow v. Swallow, 84 N. J. Eq. 109, 92 A. 872. The orders of the lower court in the instant case allowing plaintiff $100 monthly temporary alimony were of no effect after the determination of the appeal. It is unnecessary to decide whether the order of August 11, 1935, prevailed over the order of August 9, 1935.

Plaintiff is entitled to interest on the alimony judgment. Unfortunate results would obtain from any other rule. It would be possible to delay an appeal until the prevailing party, out of necessity, might be forced to agree to a smaller settlement than the court had determined to be fair and equitable. Under statutes allowing interest on a money judgment, such as we have in this state, interest is allowed on a judgment for alimony. Harding v. Harding, 180 Ill. 592, 54 N. E. 604; see Williams v. Williams, 36 Wis. 362; Huellmantel v. Huellmantel, 124 Cal. 583, 57 P. 582. To withhold the use of the money for the period of a year or more and then to de-

prive the prevailing party of interest on the judgment would be to lessen the amount of the award.

However, it would be just as unfair to allow both interest and temporary alimony to the prevailing party pending the appeal. To permit that would be to increase the amount of the award. In New York, which appears to be the only state which has laid down any definite rule on this matter, it is held that any money paid out as temporary alimony during the pendency of an appeal should be deducted as *pro tanto* payment on the total amount awarded. In McBride v. McBride, 119 N. Y. 519, 522, 23 N. E. 1065, it was stated:

"The suggestion that by granting the motion the defendant's stay of proceedings will be violated and impaired, and that if the judgment is affirmed he may, in effect, be compelled to pay the same amount twice over, have these answers, that the allowance sought is temporary and may be much less than the permanent alimony which has been stayed, and the court in the exercise of its discretion may, and should require as a condition of the allowance, that the plaintiff stipulate that the sums allowed shall, in case of an affirmance of the judgment, be applied by her as payment *pro tanto* thereon."

The court there did not enter such judgment itself as the case was determined on another ground, the statement above quoted having been made for the direction of the lower court. The case was followed in Bauman v. Bauman, 209 App. Div. 238, 204 N. Y. S. 265, and has been cited many times.

Were not the temporary alimony deducted in the instant case, the plaintiff would receive more than one-third of the stipulated value of defendant's property. There are no children of this marriage, and it appears that defendant acquired the greater portion of his estate previous to his marriage to plaintiff. No injustice would result from such a deduction. It is no answer to say that if defendant had prevailed on his appeal in the original action he could not have recovered back the amount paid as temporary alimony. It is granted merely to provide some means of support and

maintenance for the party receiving it. Were not the divorce action pending and were the parties living in the customary amicable married state, support and maintenance would have to be provided. Theoretically the financial outlay is the same in either situation. Thus the prevailing party on an appeal would have no cause for complaint because of being unable to recover the money paid out as temporary alimony pending the appeal.

Under our statutes, 2 Mason Minn. St. 1927, § 8603, there may be a modification of an alimony award where there has been a change in the circumstances of the parties warranting it. Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; see Warren v. Warren, 116 Minn. 458, 133 N. W. 1009. In the instant case there has been no showing of any change. The order of July 8, 1935, was peremptory. Obviously no finding of any change in circumstances was made, and the order did not purport to do so. There was no justifiable reason for the court to order the defendant to continue making payments in accordance with the order of August 9, 1934. That order called for the payment of $100 monthly temporary alimony; the court's power to require such payments ended with the determination of the appeal. The order cannot be considered as an additional alimony award as there is no showing of any change in the circumstances of the parties.

It is ordered that:

1. Plaintiff have and recover interest on the original alimony judgment. It was stipulated during the course of those proceedings that defendant was not to pay the award until 30 days after the lower court's decree. Interest will be computed from that time.

2. Defendant have as an offset against the interest and any other amount due plaintiff the sum of money paid as temporary alimony. The amount paid by defendant on the water bill is to be considered as payment on the temporary alimony. In computing the interest on the alimony judgment, the temporary alimony will be deducted from the principal award as of the date paid and interest computed on the amount then remaining.

3. Defendant have the exclusive use and occupancy of his homestead.

4. Defendant have his costs and disbursements on this appeal.

Remanded with directions.

JULIUS J. OLSON, JUSTICE, took no part in the consideration or decision of this case.