Taft, J.
The principal question to be decided is whether, where the Court of Appeals has made an order granting temporary alimony to a wife for her sustenance during the pend-ency of an appeal before it from a final order and decree which granted a divorce and awarded permanent alimony to the wife and where such final order and decree is affirmed on that appeal, payments of amounts for such temporary alimony must be credited against amounts due for such permanent alimony.
This is a question of first impression in Ohio.
Provision for what is referred to in this opinion as temporary alimony is made by Section 3105.14, Revised Code, which reads so far as pertinent:
“On notice to the opposite party of the time and place of the application, the Court of Common Pleas or a judge thereof, for good cause shown, supported by satisfactory proof, may grant alimony to either of the parties for his sustenance and expenses during the suit and may make an order for the custody, support and care of minor children of the marriage * * * during the pendency of the action for divorce, or alimony alone. * * * When an appeal is taken by either party, the Court of Appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice.” (Emphasis added.)
Provision for what is referred to in this opinion as permanent alimony is made by Section 3105.18, Revised Code, which reads so far as pertinent:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either, and the value of real and personal estate of either at the time of the decree.
‘ ‘ Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
In contending that temporary alimony during an appeal, allowed pursuant to Section 3105.14, Revised Code, is not related to or connected with permanent alimony allowed by a final decree for divorce and alimony, the plaintiff wife relies upon Norton v. Norton (1924), 111 Ohio St., 262, 145 N. E., 253. *539 We believe that a careful reading of the report of that case will indicate that it has no bearing upon the question to be decided in the instant case. In the Norton case, this court held that a fully satisfied “judgment for alimony rendered in an action solely for permanent alimony brought by the wife * * * does not bar an application for alimony pendente lite * * * by the wife for the purpose of obtaining funds with which to enable Tier to malee a defense in a suit for divorce” subsequently brought by the husband “where it appears that such wife has not sufficient means of her own to make a defense.” As indicated by the above quotations, which are from the syllabus of the Norton case, the four judges, who concurred generally in that case, quite definitely limited the kind of temporary alimony there approved to what would be described by the words of Section 3105.14, Revised Code, as “alimony * * * for # * * expenses during the suit” and endeavored to indicate that they were not talking about the “alimony * * * for * * * sustenance” also provided for in that statute. An intent to approve only what would be described by the statutory words as “alimony * * * for * * * expenses during the suit” (and also only during a suit brought by the husband) is also clearly indicated in the opinion by Allen, J., especially at pages 270, 271 and 273.
If the wife in the instant case were opposing the crediting against permanent alimony of payments by the husband for temporary “alimony * * * for * * * expenses” of the wife in defending herself against the husband’s appeal, the wife’s contention that such expenses had not been provided for by the final decree for divorce and alimony would be most persuasive. Norton v. Norton, supra. However, under Section 3105.14, Revised Code, alimony may be for sustenance during suit and also for expenses during suit. The order of the Court of Appeals in the instant case provided separately for each but no question has been raised except as to payments on the temporary alimony provided for sustenance.
By reason of the marriage relationship, a husband has an obligation to support his wife. Where a wife seeks and secures a valid decree for divorce and alimony from her husband, the husband’s obligation to support her after that decree is re *540 placed by obligations imposed upon him by that decree. See Snouffer v. Snouffer (1937), 132 Ohio St., 617, 621, 9 N. E. (2d), 621; Hunt v. Hunt (1959), 169 Ohio St., 276, 282, 159 N. E. (2d), 430. Thereafter, the extent of his obligation to support his former wife is measured by the terms of that decree. Gilbert v. Gilbert (1911), 83 Ohio St., 265, 94 N. E., 421, 35 L. R. A. (N. S.), 521, 90 Ohio St., 417, 108 N. E., 1121. See Weidman v. Weidman (1897), 57 Ohio St., 101, 48 N. E., 506 (holding that where wife obtains divorce in this state from husband personally served with process but does not get decree for alimony, she cannot thereafter maintain action for alimony); Petersine v. Thomas (1876), 28 Ohio St., 596, 599; Griste v. Griste (1960), 171 Ohio St., 160, 167 N. E. (2d), 924. See also annotation, 43 A. L. R. (2d), 1387.
In determining what obligations shall be imposed upon a husband by a decree for divorce and alimony, the Common Pleas Court should recognize that any obligation of the husband to support his wife, other than such as may be provided for in such decree for divorce and alimony, will necessarily end on the date of that decree. See Gilbert v. Gilbert, supra (90 Ohio St., 417).
Where a Court of Appeals, pursuant to Section 3105.14, Revised Code, imposes upon a husband an obligation to make payments for sustenance of his wife during the pendency of an appeal from a final decree for divorce and alimony, the obligation of the husband for such temporary alimony for such sustenance necessarily represents a duplication of at least part of the obligations imposed upon the husband by the Common Pleas Court in its final decree for divorce and alimony.
There is nothing in our statutes to indicate a legislative intention to impose as a penalty upon an unsuccessful appellant from a final decree for divorce and alimony an obligation to make a double payment for support of the appellee during the pendency of the appeal. To hold that payments for temporary alimony for sustenance during the pendency of an appeal need not be credited as payments on the permanent alimony provided for in the final decree for divorce and alimony, if such decree is affirmed, would be to hold that an unsuccessful appellant from a final decree of divorce and alimony could be *541 required to provide twice for sustenance of the appellee during the pendency of the appeal.
An award to a wife, pursuant to Section 3105.14, Revised Code, of temporary alimony for sustenance during the pend-ency of an appeal imposes upon her husband part or all of the same obligation to provide sustenance for the wife during that time that was necessarily imposed upon him by the provisions for permanent alimony in the final decree for divorce and alimony. Hence, if that decree is affirmed, payments of such temporary alimony should be credited against any obligation to pay permanent alimony imposed by that decree.
Apparently only two cases outside Ohio have considered the precise question involved in the instant case. Bickle v. Bickle (1936), 196 Minn., 392, 265 N. W., 276, held that temporary alimony payments made during the pendency of an appeal from a decree awarding permanent alimony must, on affirmance of that decree, be credited against such permanent alimony. On the other hand, Smyth v. Smyth (1949), 201 Okla., 694, 209 P. (2d), 709, held that such temporary alimony payments should not be so credited. That case was, however, distinguished and overruled in Scott v. Scott (1950), 203 Okla., 60, 218 P. (2d), 373, which held that the Supreme Court might, on affirming a decree providing for permanent alimony, determine that such temporary alimony payments should he applied as a credit against permanent alimony. Since the Court of Appeals, on affirming the final decree for divorce and alimony in the instant case, made no such determination, the holding in the Scott case does not completely support the later judgment of the Court of Appeals under review in the instant case. However, there are other holdings and statements which tend to support that judgment. See Sheppard v. Sheppard (1911), 161 Cal., 348, 119 P., 492; McBride v. McBride (1890), 119 N. Y., 519, 23 N. E., 1065; Bauman v. Bauman (1924), 209 App. Div., 238, 204 N. Y. Supp., 265; Heskamp v. Heskamp (1922), 195 Ky., 618, 242 S. W., 857; 2 Nelson on Divorce and Annulment (2 Ed.), 59, Section 14.45; 27A Corpus Juris Secundum, 934, Section 215; 27B Corpus Juris Secundum, 75, Section 251 (4) (f). See also Wilson v. Superior Court (1948), 31 Cal. (2d), 458, 189 P. (2d), 266.
*542 In Bickle v. Bickle, supra (196 Minn., 392), a wife was granted a decree for divorce and lump sum alimony of $17,500 by the trial court in June 1934. In August 1934, an order was made requiring the husband to pay the wife $100 a month temporary alimony until further order of the court. The decree for divorce and alimony was affirmed in April 1935. Thereafter, the trial court made an order making both the full amount of permanent alimony and the unpaid installments of temporary alimony a lien on the husband’s real estate. In reversing that orders the Supreme Court of Minnesota held that the husband was to “have as an offset against the interest and any other amount due * * * [the wife] the sum of money paid as temporary alimony” and that “in computing the interest on the alimony judgment, the temporary alimony will be deducted from the principal award as of the date paid.”
In the opinion by Hilton, J., it is said:
“* * * it would be * * * unfair to allow both interest and temporary alimony to the prevailing party pending the appeal. To permit that would be to increase the amount of the award. In New York [citing McBride v. McBride, supra (119 N. Y., 519)], which appears to be the only state which has laid down any definite rule on this matter, it is held that any money paid out as temporary alimony during the pendency of an appeal should be deducted as pro tanto payment on the total amount awarded.”
The contrary but now overruled decision in Smyth v. Smyth, supra (201 Okla., 694), was apparently induced, as indicated by citations in the opinion at page 697, by reliance upon authorities involving:
(1) Claims for credit for payments not shown to he on temporary alimony for sustenance for a period after the date of the final decree for divorce and alimony. Thus, in Mercer v. Mercer (1903) 19 Colo. App., 51, 73 P., 662, it does not appear what if any part of the $250 temporary alimony there involved represented support money and what represented alimony for expenses such as “counsel fees and suit money.” A final decree for alimony and divorce would not ordinarily provide for expenses of an .appeal from that decree and therefore temporary alimony for such expenses would not represent a duplication of anything given by that decree.
*543 (2) Claims for credit for temporary alimony payments against obligations that do not represent obligations to pay permanent alimony. Thus, where the final decree merely provides for conveyance of the wife’s share of community property to her and allows no permanent alimony to her, temporary alimony for sustenance obviously cannot represent a duplication of anything given to the wife by the divorce decree. Falk v. Falk (1941), 48 Cal. App. (2d), 780, 120 P. (2d), 724.
(3) Claims for credit against permanent alimony for temporary alimony payments made (a) before the final decree for divorce and permanent alimony in the trial court (White v. White [1920], 179 N. C., 592, 103 S. E., 216) or (b) during pend-ency of a successful appeal from such final decree (27 Corpus Juris Secundum, 910, Section 215). Temporary alimony granted by the trial court during the pendency of the proceedings in the trial court terminates at the time of the final decree for divorce and alimony. Its sufficiency or insufficiency can be fully taken into account in determining the amount to be allowed for permanent alimony when that decree is formulated. Stuart v. Stuart (1944), 144 Ohio St., 289, 58 N. E. (2d), 656. Likewise, where the final decree for divorce and alimony is set aside on appeal and the cause is remanded to the trial court for further proceedings, that court then has an opportunity to reformulate its decree in the light of the situation existing at the time of its subsequent rendition. Therefore, temporary alimony payments for sustenance should not in either of those instances represent payments for any part of the support provided for by the allowance made for permanent alimony in the subsequently rendered final decree.
Our conclusion is that payments of temporary alimony for sustenance during the pendency of an appeal from a final decree for divorce and alimony must, on the affirmance of that decree, be credited against obligations imposed by the final decree.
Payments can be made on obligations imposed by a final decree for divorce and alimony even during the pendency of an appeal therefrom and while a supersedeas bond is in effect. A supersedeas bond does “not alter or affect in any way the validity or vitality of the judgment” but merely stays execu *544 tion on that judgment. See Fairchild v. Lake Shore Electric Ry. Co. (1920), 101 Ohio St., 261, 270, 128 N. E., 168. Therefore, the obligation to pay imposed by that judgment or the right to make, and have credit for, a payment on that obligation is not affected by the taking of an appeal from that judgment and the giving of a supersedeas bond.
The judgment of the Court of Appeals does not, as plaintiff contends, represent a modification or reduction of the alimony awarded by the Common Pleas Court decree after that judgment had become final and no longer subject to appeal. Instead, it represents a holding that payments of temporary alimony for support are part payments of such permanent alimony.
Even though, as plaintiff contends, the final order, judgment and decree in a divorce action is binding upon the surety on defendant’s supersedeas bond and res ad judicata as to defendant, either that surety or defendant certainly can prove payment of any matured obligations thereunder in opposing plaintiff’s efforts to compel payments thereof.
The Court of Appeals not only reversed the judgment against the surety but remanded the cause to the trial court “with instructions that the $12,000 credit be allowed to defendant.” Even if, as plaintiff contends, the Court of Appeals should not have considered the appeal of defendant from the judgment against his surety under the supersedeas bond and should not have granted any affirmative relief to defendant on such appeal, we fail to see how its doing so has prejudiced plaintiff. Admittedly, $12,000 of temporary alimony for sustenance of plaintiff was paid during the pendency of the appeal. If, as we are holding, the Court of Appeals was correct' in holding that the judgment against the surety for $9,718.25 must be set aside and the surety discharged because such $12,000 payments of temporary alimony must be credited as a part payment of the $1,890 per month that defendant ivas required to pay plaintiff under the decree for divorce and alimony, then plaintiff must, in enforcing that decree against defendant, credit those $12,000 payments against obligations due from defendant to plaintiff under that decree. If the Court of Appeals had, as plaintiff contends it should have, dismissed defendant’s *545 appeal and made no provision in its judgment for any relief for defendant, its judgment for the surety and the grounds given therefor in that judgment would necessarily have required the Common Pleas Court to give to defendant the same relief that the Court of Appeals instructed the Common Pleas Court to give him.

Judgment affirmed.

Weygandt, O. J., Zimmerman, Matthias, Bell, Herbert and O’Neill, JJ., concur.