■ MARY J. McKIERNAN, Respondent, v PETER G. McKIERNAN, Appellant. (And Another Related Action and Proceeding.) [636 NYS2d 477] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ingrassia, J.), entered March 31, 1994 in Westchester County, which, *inter alia*, denied defendant's motions to fix the amount of an undertaking, vacate a note of issue, suspend support obligations, award him certain monetary judgments and quash an income execution served upon him.

Emanating from an acrimonious matrimonial action, pendente lite orders were entered on August 10, 1993 and October 21, 1993. The first order required, *inter alia*, that defendant pay plaintiff $350 per week for temporary maintenance and $155 per week for child support. The second order denied defendant's request to reargue the first order and further required defendant to pay all arrearages in maintenance that resulted from the court's prior imposition of a temporary restraining order. Supreme Court consolidated the several motions which emerged as a result of these orders, four of which are the subject of this appeal.

Addressing defendant's first motion seeking to fix the amount of an undertaking pursuant to CPLR 5519 (a) (3) to stay the aforementioned pendente lite awards pending appeal, we find that Supreme Court appropriately denied the relief requested. Indisputably, CPLR 5519 allows a party to automatically stay proceedings to enforce a judgment or order directing the payment of a sum of money, to be paid in fixed installments, upon the giving of an undertaking in a sum fixed by the court (*see,* CPLR 5519 [a] [3]). While a permanent maintenance award may be the subject of a stay secured by an undertaking (*see, e.g., McBride v McBride*, 119 NY 519; *Galusha v Galusha*, 108 NY 114; *Bauman v Bauman*, 209 App Div 238), even in those

instances an allowance is made in the form of temporary maintenance during the pendency of the appeal (*see, McBride v McBride, supra; Bauman v Bauman, supra*). Hence, due to the nature of a temporary maintenance award (*see, Haas v Haas*, 271 App Div 107, 109), the giving of an undertaking cannot be used to wholly stay a party's obligation to continue making interim payments (*see, Finkelstein v Finkelstein*, 286 App Div 965; *Greene v Greene*, 71 Misc 2d 708, 710, *mod* 41 AD2d 645).

As to defendant's second motion seeking to vacate a note of issue to allow him to conduct discovery, we again find no error in Supreme Court's denial of the relief requested due to the existence of a prior order entered by a different Justice. Such order certified the matter ready for trial and directed plaintiff to file a note of issue since the parties were found to have waived discovery by their failure to comply with that court's previous order. Noting that a challenge to such order had to have been brought before the issuing Justice (*see*, CPLR 2221), we find that Supreme Court properly denied defendant's motion.

As to the third motion, brought on by order to show cause, which resulted in an order vacating an income execution served upon plaintiff due to the termination of her employment, we again find no error. While income executions are available to collect amounts in arrearages (*see*, CPLR 5241 [b]), they are not, by their very nature, available to execute upon income earned in the past. Hence, we find no merit in defendant's assertion that plaintiff's receipt of a lump-sum payment at the time of termination, coupled with six months of unemployment insurance benefits, undermined her challenge to the income execution order.

Finally, we find no error in Supreme Court's denial of the fourth motion wherein defendant sought to quash an income execution served upon him. The record reflects that notwithstanding an order directing the payment of temporary maintenance and child support to plaintiff, defendant made only one payment. Thus, pursuant to CPLR 5241 (a) (7), defendant became a debtor in default upon whom an income execution may be served (*see*, CPLR 5241 [b]). Noting that there might indeed be a viable controversy between the parties concerning an offset due defendant, we find such controversy best left to an evidentiary hearing. Since plaintiff is seeking to execute only upon current payments and not amounts in arrearages, Supreme Court's refusal to vacate the income execution order was entirely proper.

As to all other contentions raised, we find them to be without merit. Accordingly, Supreme Court's order is affirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.