Allen, J.
 

 Throughout this opinion the plaintiff in error will be called the wife, and the defendant in error will be called the husband.
 

 The Court of Appeals reversed the order of the court of common pleas granting temporary alimony to the wife upon three grounds:
 

 First. That the trial court committed error prejudicial to the defendant in error in refusing to grant a continuance.
 

 Second. That the trial court erred in granting temporary alimony, for the reason that there was no competent evidence to sustain the allowance.
 

 Third. Upon the ground that the court of common pleas erred in overruling the motion of defendant in error for a new trial. We shall consider these assignments of error in their order.
 

 An application for a continuance at the hearing of the motion for temporary alimony was made by the husband’s attorney upon Saturday, June 9, 1.923, in the following words:
 

 
 *266
 
 Mr. Resek: “At this moment we would ask to have this matter continued for two weeks so that we may obtain the necessary evidence to maintain our side on the hearing of this motion, and for the further reason that, since the filing of this motion, we have not had sufficient time to obtain depositions and obtain certified copies of a former decree involved in this issue from the Lucas county court.”
 

 The court overruled this motion and proceeded to hear testimony from the wife. The decree mentioned in the motion for continuance was later introduced in evidence and evidently was considered in connection with the other testimony for the purpose of ruling upon the motion of June 5.
 

 Was the trial court in error when it refused to grant a continuance? It is the general rule that the granting or refusing of a motion for continuance is in the sound discretion of the trial court and that an appellate court will not interfere with the exercise of this discretion, unless the action of the trial court is plainly erroneous and is a clear abuse of this discretion. 13 Corpus Juris, 123.
 

 The order made was subject to future chango and was not questioned as to reasonableness of amount. The attorney for the husband made no statement whatever as to the time when the husband would come to Lorain county for the hearing of the motion. Under the record, therefore, the granting of a continuance upon the motion would have withheld financial support from the wife, who was being sued by her husband, for an indefin
 
 *267
 
 ite time. We cannot therefore hold that the refusal to grant a continuance was error.
 

 Did the trial court err in allowing alimony upon the evidence adduced?
 

 A certified copy of the Lucas county decree was introduced in evidence, and presumably considered by the trial court. It reads in the pertinent parts thereof as follows :
 

 “This 13th day of October, 1921, this cause came cn to be heard upon the petition of the plaintiff and the evidence offered on behalf of plaintiff and defendant.
 

 “The court finds that the defendant, Franklyn Wayne Norton, was duly and legally served with summons and a copy of the petition herein; that the plaintiff now is and for more than thirty days immediately preceding the filing of the petition herein was a
 
 bona fide
 
 resident of Lucas county, Ohio; that the parties hereto were married ; that, on October 13th, 1919, a child, Franklyn Wayne Norton, Junior, was bom as the issue of said marriage, and said child died on or about the 15th day of October, 1919; and that the defendant, Franklyn Wayne Norton, abandoned this plaintiff without good cause.
 

 “It is further ordered and adjudged that the defendant, Franklyn Wayne Norton, pay to the plaintiff as her reasonable alimony in money the sum of fifteen ($15.00) dollars on this, the 13th day of October, 1921, and the further sum of fifteen ($15.00) dollars each and every week thereafter until further order of this court; that he pay to plaintiff’s attorneys forthwith the sum of seventy-five ($75.00) dollars as attorney fees; and
 
 *268
 
 to the clerk the costs of this action; that, in the event defendant, Franklyn "Wayne Norton, shall pay to plaintiff the snm of seven hundred fifty ($750.00) dollars during the present term of this court, ana snail pay to plaintiff’s attorneys the sum of seventy-five ($75.00) dollars, and shall pay the costs of this proceeding, such payments shall be in full satisfaction and in lieu of any further weekly payments as hereinabove set forth.”
 

 Exhibits were also introduced in evidence showing payment in full of the $750 ordered to be paid in the judgment for alimony, and the payment in full of the $75 ordered to be paid as attorney fees m tne Lucas county case.
 

 The testimony of the wife given at the hearing upon the motion for temporary alimony tends to establish that the wife had no means of support whatever, owning no property and having been cared for by her family during her present marital troubles. She testified that she was at the time not able to work; that her people live in Atlanta, G-a., where she herself resided until shortly before the bringing of the Lucas county suit; and that, during the pendency of the alimony suit brought by her in Lucas county, she resided temporarily in Toledo, Ohio, and was at the hospital during part of that time. It appears in the record that a child was. born to the plaintiff and the defendant in 1919 which died shortly after its birth.
 

 The testimony of the wife, also, was to the effect that the husband’s health was “perfect,” and that two years before that time the husband was getting $40 a week and his expenses as salary
 
 *269
 
 in the same company in which he is now employed. ,¡áhe testified upon information from the company that his present salary is $50 a week and expenses. This testimony, of course, was hearsay. As the hearing was held before a judge, and not before a jury, in itself it was probably not greatly prejudicial. However, is there enough competent other evidence in the record to sustain the order of the trial court ?
 

 It will be observed that, in the instant case, the husband is suing the wife. Notice was duly served of the time set for hearing the motion a week before the hearing, but the husband was not present at that time. None of the statements made by the wife as to the earning capacity of the husband or as to his health were denied by the husband’s attorney, who had filed the suit for his client some time previously, who had in some manner communicated with him, and presumably was acquainted — at least approximately — with the actual earning capacity of his client at that time. It was not stated that the husband was not working, nor that he was working for less than the amount claimed by the wife. Did the trial court err in granting $15 a week temporary alimony upon this evidence?
 

 The right of a wife to temporary alimony rests largely in the discretion of the court. 19 Corpus Juris, 206. The right to the amount is to be determined by the wife’s necessities and by the husband’s means. Proof of the husband’s ability to pay the allowance must be given before the allowance may be made. The allowance may be based on the husband’s earnings, or his earning
 
 *270
 
 capacity, although he is not possessed of money or property. 19 Corpus Juris, 216;
 
 Peyre
 
 v.
 
 Peyre,
 
 79 Cal., 336, 21 Pac., 838.
 

 The poverty of a husband is no defense to the application where the action for divorce is brought by him, since he should not be permitted to prosecute the action if he cannot furnish the wife with means to make her defense.
 

 Mere lack of present means will not in all cases be sufficient as a defense, especially where the husband is physically able to earn money for the support of himself and family. 19 Corpus Juris, 216.
 

 It is so evident that a
 
 prima facie
 
 case in favor of temporary alimony is made where there is testimony establishing the wife’s need and the husband’s physical capacity to support her, and the order is so completely in control of the court and subject to change upon the submission of facts on the part of the husband, that courts sometimes go so far as to hold that alimony
 
 pendente lite
 
 may be granted without notice to the husband.
 
 Fowler
 
 v.
 
 Fowler,
 
 61 Okl., 280, 161 Pac., 227, L. R. A., 1917C, 89.
 

 Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit. In the case herein ample evidence exists of the wife’s financial inability to conduct the defense.
 

 The necessity of railroad fare from Toledo to Elyria, coupled with the need of securing meals and possibly lodging in a place foreign to that in which she was already boarding, enhanced the
 
 *271
 
 wife’s expense, and enhanced that expense directly in connection with the prosecution of her defense.
 

 When a wife is destitute, if she cannot secure alimony
 
 pendente lite
 
 both for attorney fees and for the necessary increases in expenditure which are imposed upon her by the divorce suit, she cannot make her defense.
 

 Under the above authority and for the above reasons we hold that competent evidence sufficient to sustain the allowance was before the trial court and that the Court of Appeals erred in reversing the order for temporary alimony upon that ground.
 

 It being the case that the continuance was not an abuse of discretion, and that competent testimony was before the court upon which to grant alimony
 
 pendente lite,
 
 it was not error to overrule the motion for a new trial.
 

 We have considered all of the grounds upon which the Court of Appeals reversed the court of common pleas-, and shall now discuss a point urged in this court by the defendant in error, who claims that the judgment for alimony in the alimony suit brought in Lucas county by the wife, since it was fully satisfied before the motion for temporary alimony was filed in the divorce suit brought by the husband, ba-rs the wife’s application for temporary alimony in the divorce suit.
 

 It may be observed that, in the motion for temporary alimony, the wife is applying for suit money, and not for permanent alimony. In other words, this is not an independent action for a new allowance of permanent alimony, but is an application for alimony
 
 pendente lite
 
 growing out of the action brought by the husband for divorce.
 

 
 *272
 
 The principal case upon which the defendant in error relies in this connection is the case of
 
 Collins
 
 v.
 
 Collins,
 
 80 N. Y., 1, which holds in the syllabus:
 

 “Where, at the time an action for divorce is instituted, the parties are living separate and apart, in pursuance of articles of separation, and suitable provision has been made by the husband for the separate maintenance of the wife, alimony
 
 pendente lite
 
 should not, as a general rule, be allowed.”
 

 This case, however, is not an authority against the plaintiff in error; it is an authority in her favor.
 

 The fourth paragraph of the syllabus reads as follows:
 

 “Such provision, however, does not prejudice an application on the part of the wife to be provided with means to prosecute the action; this will be granted if she is otherwise entitled, and has not sufficient means of her own. ’ ’
 

 We do not pass upon the merits of this case. If the wife was guilty of all of the actions charged in the petition, the case may be a proper one for divorce, but, whatever the facts, the wife is entitled to be heard.
 

 The instant cáse is stronger in favor of the plaintiff in error than' the
 
 Collins case,
 
 for in the
 
 Collins case
 
 the wife was suing the husband for divorce after provision had been made by the husband for her separate maintenance. Here the husband is suing the wife for divorce. We make no holding upon the question which would arise
 
 *273
 
 if the wife, after being granted permanent alimony, had herself sued for divorce.
 

 This is a case where the. husband has subjected his wife to additional expense, not contemplated, so far as the record shows, in the settlement of the suit for alimony by satisfaction of the judgment therein.
 

 Under these circumstances the wife is entitled to mate her defense and to be protected in her right to temporary alimony for that purpose irrespective of the satisfaction of the previous judgment.
 

 For the foregoing reason the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Day and Conn, JJ., concur.