## JOHNSON v. STATE.

Ohio Appeals, 6th Dist., Fulton Co.

No. 94. Decided Oct. 29, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

TRIAL.

(590 C2) Granting or refusing of motion for continuance rests in sound discretion of trial judge. Reviewing court will not interfere unless there is abuse of discretion.

Whether or not facts alleged in affidavit showed that attendance of witnesses could, in all probability, be secured in the future, and whether or not due diligence was used to procure attendance of such witnesses, or obtain their testimony, was for determination of trial judge from evidence adduced.

(590 E3o) Court not required to strike affidavits from files merely because they are not properly sworn to.

One who is interested in case cannot administer and certify oath to affidavit which is to be used as evidence.

CRIMINAL LAW.

(190 V2a) Examination of jurors on voir dire affords best test as to whether or not prejudice against accused, exists in community.

Matter of change of venue is wholly within discretion of trial judge.

F. S. & J. M. Ham, Wauseon, for Johnson.

Leslie S. Ward, Pros. Atty., Wauseon, for State.

HISTORY:—Johnson was convicted, in Common Pleas, of robbery, and sentenced to penitentiary. Johnson brings error. Judgment affirmed. No action in Supreme Court prior to publication date.

## STATEMENT OF FACTS.

The plaintiff in error was convicted, in the court of common pleas of this county, of robbery in connection with the looting of the Peoples State Bank at Delta, Ohio, on or about May 20, 1920. After he was sentenced to the Ohio penitentiary he filed his petition in error, and seeks a reversal of the judgment of the court below.

It is contended that the trial court erred in refusing to grant a continuance. The affidavit for a continuance was made by the plaintiff in error himself, and it sets forth facts tending to show that Mrs. James Dugan and David Crowley are material witnesses to prove that the plaintiff in error was in Detroit at the time the alleged offense was committed.

WILLIAMS, J.

The granting or refusing of a motion for continuance rests in the sound judicial discretion of the trial judge and a reviewing court will not interfere with the exercise of this discretion, unless there is an abuse thereof.

Norton v. Norton, 111 Ohio St., 262, 266; 13 C. J., p. 123, Sec. 4; 6 R. C. L., 556, Sec. 14;

Whether or not the facts alleged in the affidavit showed that the attendance of the witnesses could in all probability be secured in the future, and whether or not due diligence was used to procure the attendance of such witnesses, or obtain their testimony, was one for the determination of the trial judge from the evidence adduced, which consisted of the affidavit only.

6 R. C. L., 559, Sec. 18;
6 R. C. L., 560, Sec. 19;

We call attention to the fact that while the affidavit shows the place where David Crowley was known to be working at the time the affidavit was made, it does not disclose how long the affiant had that knowledge prior to the making of the affidavit. It, therefore, does not appear from the affidavit that due diligence was used to procure the attendance or testimony of this witness. The affidavit also fails

to set forth any facts which rendered it probable that the attendance of Mrs. James Dugan could be procured or her testimony obtained if the continuance were granted. We cannot say that the trial judge erred in refusing to grant the continuance.

The court below overruled a motion to strike from the files the affidavits filed by the state, bearing upon the application of defendant below for a change of venue. There was no error on the part of the trial judge in this respect, for the reason that the court below was not required to strike them from the files merely because they were not properly sworn to. It is claimed again that the court erred in admitting these affidavits in evidence. Some of the state's affidavits for a continuance were sworn to before the prosecuting attorney, others before a partner of the prosecuting attorney in the practice of law, and still others before the prosecuting attorney's stenographer and deputy clerk, who, at that time, drew a salary as such from the county. It is true that, as to some of these affidavits at least, the manner in which the oath was administered was irregular, for the reason that one who is interested in a cause can not administer and certify the oath to an affidavit which is to be used as evidence in that cause. Certainly the prosecuting attorney was disqualified to administer such an oath, to say nothing of the other affidavits.

We think, however, that the action of the court below was not prejudicial to the plaintiff in error. It appears that all of the testimony taken upon the impanelling of the jury is incorporated in a bill of exceptions duly filed, and it does not appear that the jury was not a fair and impartial one. Considering all the evidence offered upon the question of a continuance by the plaintiff in error and the record of the examination of the jurors upon their voir dire, and excluding the affidavits offered by the state, we think that it is clear that a fair and impartial jury could be and was secured at the trial in the court below. An examination of the jurors on their voir dire affords the best test as to whether or not prejudice exists in the community against the accused. Townsen v. State, 17 C. C., N. S. 380. At the time of the trial, several years had elapsed since the commission of the offense, and it does not appear from any of the affidavits that the atmosphere was surcharged with prejudice at the actual time of the trial. The matter of a change of venue is wholly within the discretion of the trial judge, and we are of opinion that the trial judge did not abuse his discretion; but are also of the opinion that the exercise of a sound discretion, excluding from consideration the affidavits filed by the state, would have required that he overrule the application. We are cited to Baxter v. State, 91 Ohio St., 167, as an authority requiring this court to enter a judgment of reversal. We are of the opinion that the facts in that case were entirely different from those presented by the record in the instant case for the reason that it does not appear from the record in the instant case that the bank in question had more than fifty stockholders.

There being no prejudicial error apparent upon the face of the record, the judgment will be affirmed.

(Richards and Lloyd, JJ., concur.)