**SJOGREN, Plaintiff-Appellee, v SJOGREN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 471. Decided August 28th, 1946.

C. L. Shaylor, Ashtabula, for plaintiff-appellee.
Sieman, Sieman & Sieman, Cleveland, for defendant-appellant.

14

## OPINION

By PHILLIPS, J.

Plaintiff filed a petition in the court of common pleas of Ashtabula County on November 23, 1945, praying for a divorce from defendant and equitable relief. On the same day a summons together with a certified copy of plaintiff's petition was issued to the sheriff of Cuyahoga County, where plaintiff lived. · That summons was returned on December 4, 1945, showing personal service made on the defendant on the 28th day of November, 1945, and on the date such summons and copy of plaintiff's petition was served on her defendant mailed them to plaintiff.

The case standing uncontested and at issue was heard on its·merits on January 16, 1946. Subsequently, in response to a letter received from defendant's counsel on the same day indicating his belief that such hearing was continued, defendant was granted leave to introduce evidence on the merits of the case before final judgment was entered, which she failed to do.

On January 18, 1946, defendant filed a motion to quash service of summons on her on the ground that the judge of the court of common pleas of Ashtabula County had no jurisdiction to hear the case pending in that county because personal service had not been made on her, and upon hearing thereof on January 30, 1946, sought to show by the testimony of herself and sister that upon receiving an affirmative answer from defendant's sister to his inquiry as to whether defendant lived at the address indicated in the summons a deputy sheriff of Cuyahoga County handed her sister the summons and a copy of plaintiff's petition on November 27, 1946, on which date such summons was served rather than on November 28, 1946, as shown by sheriff's return, on which date defendant was working.

During hearing of the motion to quash service of summons on January 30, 1946, counsel for defendant said "I want it understood, of course, that we are in court today just for the hearing on the motion, and we do not enter appearance for the purposes of the merits of the case itself."

In accordance with leave granted by the trial judge on January 30, 1946, defendant thereafter filed a brief in the court of common pleas to support her contentions, and without leave of court attached thereto an affidavit of the deputy sheriff of Cuyahoga County, who served the summons and copy of plaintiff's petition, sworn to on February 1, 1946, setting forth that on November 27, 1945, he served a summons and copy of plaintiff's petition in error on defendant's sister, whom he mistook for defendant, rather than on defendant on November 28, 1945, as shown by the return.

On February 11, 1946, the trial judge overruled defendant's motion to quash service of summons on her and granted plaintiff a divorce from her on his petition on the ground of gross neglect of duty.

Defendant appealed to this court on questions of law from the decree and judgment of the court of common pleas entered February 11, 1946, and contends that the trial judge "erred in refusing to recognize and consider the sworn signed affidavit of Cuyahoga County deputy serving the writ of summons, and erred in not allowing defendant-appellant time to take depositions to support affidavits as requested by counsel at the time of the hearing on the motion to quash"; that "the court erred in making an entry granting a decree of divorce without having jurisdiction over the defendant-appellant, and without defendant-appellant having had her day in court"; that "the court's action in overruling the defendant-appellant's motion to quash service of summons and its granting of the divorce decree as a result, is contrary to law and an abuse of discretion"; and claims "that the trial court's ruling and decree are against the manifest weight of the evidence."

As counsel for defendant contends, it appears to be the settled law of Ohio that "there is no substitute for personal service when personal service alone is required" to confer jurisdiction upon the trial judge as in the case at bar; that "the provisions of §§11983 and 11985 GC, as to issuing summons in divorce and hearing of case are mandatory, must be literally complied with before jurisdiction is acquired to hear the case", and "entry of appearance cannot be waived" but must be made as required by statute; that personal service must be made upon the defending party to a divorce petition where that party is a resident of the State of Ohio; that in divorce cases statute respecting service of summons must be strictly construed and defendant must be legally summoned into court; that process must be served in the mode designated by statute, and that the court cannot determine "that service other than is so prescribed shall suffice." **Sears, Appellant v**

Weimer, Appellee, 143 Oh St 312, 28 OO 270; Edwards v Edwards, 29 Ohio Decisions 46; Wilson v Wilson, 24 OO 101; Simmons v Simmons, 38 Oh Ap 391; and 32 O. Jur. 391, Sec. 20. See also §11983 GC.

In the exercise of his sound discretion the trial judge could have continued the hearing on the motion to quash service of summons and granted defendant time to take depositions. State ex rel v McCabe, 140 Oh St 537. Also see 2 O. Jur., P. 691, Sec. 628—Appeal and Error; Norton v Norton, 111 Oh St 262, 145 N. E. 253. However as the result of a careful examination of the record and all the papers in this case submitted to us, which we have a right to consider, we cannot reach the conclusion that he abused his discretion in refusing to do so; nor erred in refusing to consider the affidavit of the deputy sheriff of Cuyahoga County which was not introduced in evidence and was not executed by that person until February 1, 1946. See Coston v Paige, 9 Oh St 397; State ex rel v State Medical Board, 140 N. E. 661; Paulin v Sparrow, 91 Oh St 279. In view of the endorsement on the return of service of summons on defendant showing personal service on her which is conclusive as to the manner of service, the authenticity and legality of which in our opinion is not disproved by clear and convincing evidence, the required degree of proof (see 32 O. Jur. 391, supra, Harris, et al, v First Spiritualist Church of Toledo, et al, 22 Oh Ap 315) we can not say that the trial judge had no jurisdiction to hear and determine the case filed in the court of common pleas of Ashtabula County, or that his findings, decrees and judgment are against the manifest weight of the proper and competent evidence offered in the case or contrary to law, and find no evidence supporting defendant's claim that she was denied her day in court.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.