**SMITH, Plaintiff-Appellant, v. SMITH, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2061.   Decided November 16, 1949.

Gus W. Byttner, Dayton, for plaintiff-appellant.
Jacobson & Durst, Dayton, for defendant-appellee.

## OPINION

By WISEMAN, J.:

This is an appeal on questions of law from the judgment of the Common Pleas Court, Montgomery County, Ohio, dismissing the plaintiff's action for alimony.

There is no bill of exceptions presented to this Court. The matter is presented on separate findings of fact and conclusions of law. In brief, the trial court found that the plaintiff and the defendant were living together in the same home at the time the petition for alimony was filed and continued to live in the same home for a period of six months to a date ten days prior to the hearing. The court concluded as a matter of law that permanent alimony may not be decreed where the evidence shows that the husband and the wife are not living separate and apart.

The errors assigned are directed to the action of the court in dismissing the plaintiff's petition for alimony on the facts stated. The sole question presented for determination is whether the court may decree permanent alimony to the wife under the provisions of §11997 GC, when the facts show that

the husband and wife "continued to live together in the same home." No reported case is found in Ohio deciding this precise question.

"Alimony" signifies an allowance for nourishment or sustenance of the wife which a husband may be compelled to pay to his wife when she is living apart from him, or has been divorced. **Fickel, et al., v. Granger, 83 Oh St 101, 106, 93 N. E. 527; Lape v. Lape, 99 Oh St 143, 145, 124 N. E. 51; Durham v. Durham, 104 Oh St 7, 10, 135 N. E. 280; Fisher v. Fisher, 78 Oh Ap 125, 128, 64 N. E. (2d) 328.** In Nelson on Divorce and Annulment, Second Edition, Vol. 3, Page 374, the author states the rule to be as follows:

"In the absence of a statute to the contrary, the spouses must separate both from bed and board, or must be living separate and apart, in order that the right of separate maintenance may arise and that a proceeding therefor may be maintainable. Such separation, it has been said, must exist in fact before the wife may have the aid of a court, for it is the constant purpose of the courts to compose differences and smooth out rough places in marital paths."

In Keezer on Marriage and Divorce, Third Edition, Page 609, Section 565, the rule is stated as follows:

"Alimony cannot be decreed unless the parties are actually separated. If they are living together, there is no need of alimony. The reason is that if the wife is living with her husband she can if necessary pledge his credit for her support. Furthermore the continuing to live under the same roof raises a presumption that the offense complained of has been condoned."

See Vol. 17, Am. Jur., page 405, Section 496 and page 461, Section 586; **Vol. 14, O. Jur., page 459, Section 69.**

Thus it has been held that alimony may not be decreed unless the court finds that the wife is living separate and apart from the husband. The difficulty arises in determining in a given case whether under all the facts there is a living separate and apart. The precise question for this Court to determine in the instant case is whether the fact that the husband and wife "continued to live together in the same home" constitutes cohabitation. It must be observed that the trial court did not specifically find that the husband and wife lived "separate and apart"; neither did it specifically find that they lived in a state of marital cohabitation. It has been held that "cohabitation will be inferred from the living together

of husband and wife; and condonation will be inferred from cohabitation, where the contrary does not appear." Burns v. Burns, 60 Ind. 259. But in the instant case we need not indulge the presumption for we find from the record that several months after the plaintiff instituted her action for alimony she filed a motion to dismiss the defendant's cross petition on the ground "that plaintiff and defendant have cohabited together in the same home and in the same bed, during all of the time that said cross petition has been pending in this court." In view of this admission on plaintiff's part we conclude that the finding of the trial court that the parties "continued to live together in the same home" was tantamount to a finding that they continued to cohabit. Consequently, the record in this case shows that the wife was not living "separate and apart" from the husband at the time the action was instituted and for a number of months thereafter. Under these circumstances the wife was not entitled to maintain an action for alimony.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.