**ENGLUND, Plaintiff-Appellee, v. ENGLUND, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22376. Decided February 18, 1952.

Woodle & Wachtel, S. S. Simms, Cleveland, for plaintiff-appellee.

Jewitt & Jewitt, Cleveland, for defendant-appellant.

**OPINION**

By THOMPSON, J.:

This is an appeal on law from the order of the Common Pleas Court of Cuyahoga County awarding temporary alimony to the plaintiff wife in a divorce action brought against the defendant appellant. Under date of October 9, 1951, the court awarded temporary alimony to plaintiff in the sum of $18.00 per week. The parties at the time of the motion for temporary alimony were and still are residing under the same roof. Various grounds of error are alleged as to the trial court's action, but since the decision of the trial court in this

case, the Supreme Court of Ohio has decided the case of **McMahon v. McMahon, 156 Oh St 280** (decided November 28, 1951) holding that an order for temporary alimony is provisional in its nature, subject to modification at any time and not a judgment or final order from which an appeal on questions of law may be taken. In view of that decision, the only ground of error able to be considered by this court is the fifth assignment of error that the order of the trial court constituted an abuse of discretion.

Counsel for appellant argued in this court that it was an abuse of discretion for the trial court to award any temporary alimony to plaintiff since the evidence showed that the parties were living under the same roof. Whereas this court believes that the fact that husband and wife continue to live under the same roof, after a divorce petition has been filed, should constitute one of the elements in the case to be given most careful consideration by the trial court, this circumstance should not necessarily and **ipso facto** require a denial of temporary alimony to the wife. It is true that where temporary alimony is awarded to the wife under such circumstances, an incongruous and inconsistent situation may develop in view of possible condonation of the parties and a return to cohabitation. On the other hand, the circumstances of each case should nonetheless be considered and where the financial or other circumstances of the parties furnish practical reasons for the continuance of residence by husband and wife under the same roof, despite the pendency of a divorce action, we feel that temporary alimony may be warranted.

The facts in the present case furnish explanation enough as to why the parties have continued to reside under the same roof. The husband and wife in this case are joint owners of the dwelling house. There is no more reason for the wife to have to vacate and look for other quarters than for her husband to do so. On the basis of the two or three dollars per week which her husband had been voluntarily allowing to her, she could scarcely rent quarters elsewhere and if, upon filing her divorce petition, she had chosen to vacate the premises, because of acts of agression of her husband, she would have been entitled on motion for temporary alimony to an allowance sufficient to cover her rent and food. This amount would undoubtedly have been in excess of the $18.00 per week allowed the wife by the trial court in this case.

It seems to us, also, that the circumstances of the present case negative the possibility of any misrepresentations or fraud upon the court in connection with the parties living under

the same roof. The husband is 68 years of age and the wife 64, and the evidence indicates their full estrangement. She apparently has been in the habit of obtaining most of her meals and spending most of her time at the home of her son only a few blocks away, within easy walking distance. Under this arrangement, it is undoubtedly more convenient for the wife to live in the residence of which she is half owner and we see no reason why she should not do so. The theory of temporary alimony is that a husband is responsible for his wife's support, by virtue of the marriage relationship, until such time as a divorce is granted. Under the circumstances of this case it would be more expensive to the husband if his wife had chosen to live elsewhere and we cannot say that the trial court abused its discretion in allowing her $18.00 per week during the pendency of the action.

We deplore the hasty actions of married couples who unthinkingly proceed as hastily into the divorce court as they may have proceeded into marriage. We cannot agree, however, with the argument of counsel for the husband in this case that the policy of permitting wives, under any circumstances, to obtain temporary alimony while living under the same roof as their husbands necessarily encourages the breakup of the home. We grant that temporary alimony should not be allowed, unless there is evidence of a true severance of the matrimonial relationship, but the financial exigencies which may cause husband and wife to live under the same roof during the pendency of a divorce action may help to provide the steadying wisdom and the period for reflection which may bring the parties again together. We are not as much worried about the possibility of fraud on the court where temporary alimony is granted and the parties continue to reside under the same roof as we are hopeful that the continuance of the marriage relationship may be thereby more possibly re-established.

In further answer to the argument of counsel, we might add that our desire for some yardstick of certainty which we should like to be able to apply to situations in an uncertain world should not blind us to the advantages of our system of jurisprudence which permits a court to consider each case in the light of its own peculiar circumstances. That, at least, is the theory of the common law.

There being no abuse of discretion, the appeal is dismissed. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.