STONE, APPELLANT, *v.* STONE, APPELLEE.

(No. 23276—Decided November 3, 1954.)

Messrs. *Jones, Day, Cockley & Reavis* and Messrs. *Apple & Apple,* for appellant.

Mr. *Ezra Z. Shapiro* and Mr. *Joseph H. Persky,* for appellee.

SKEEL, J. This appeal comes to this court on questions of law from an order of the Common Pleas Court of Cuyahoga County granting defendant's motion for alimony pendente lite, interim attorney fees and support for the twelve-year old son of the parties, pending final hearing of plaintiff's action for divorce and defendant's cross-petition for separate maintenance and support. The court ordered plaintiff to pay defendant $5,000 interim attorney fees, $1,725 per month temporary alimony and $325 per month for the support of their son.

The plaintiff's petition seeks a divorce on the grounds of gross neglect of duty and extreme cruelty. The defendant's cross-petition seeks separate maintenance and support on the same grounds, denying by answer that she has failed to fully discharge her duties as plaintiff's wife.

Evidence on the motion established that the parties separated February 27, 1954, that is to say, plaintiff claiming good cause left the then address of the parties at 2391 Ashurst Road and took up his place of abode with his parents at 3701 Washington Boulevard in University Heights. Defendant is therefore left in the occupancy of the residence on Ashurst Road. This property is a two-family house owned by defendant and the second floor suite is occupied by her mother at a rental of $75 per month which is paid to the defendant.

The plaintiff is a very successful business man, now worth in the neighborhood of one million dollars with a gross income annually in excess of $105,000. His net income after taxes is between fifty and sixty thousand dollars.

The defendant's financial standing is substantial. Her total assets, including cash bank deposits in the sum of $33,000, government bonds, stocks and the residence valued at $20,000 are about one hundred thirty

five thousand ($135,000) dollars and her yearly income derived from the foregoing property is approximately $4,800.

The minor son of the parties, now twelve years of age, attends public school and is privately tutored in Hebrew and music in addition to his regular schooling.

The parties, before separation, lived very frugally. Both parties so testified and while the record does not make a full disclosure of the total amount usually expended by them, or either of them, in maintaining the household prior to February 27, 1954, it is clearly evident that the court's order pendente lite gave no consideration to the economic level upon which the parties chose to live or to the defendant's needs but rather based the order entirely on the plaintiff's ability to pay.

The appellant's claim of error is that the court in ordering plaintiff appellant to pay $1,725 per month as temporary alimony and $325 per month as support for the minor child, or a total of $2,050 per month, plus $5,000 interim attorney fees, constituted an abuse of discretion.

Section 3105.14, Revised Code, provides:

"On notice to the opposite party of the time and place of the application, the Court of Common Pleas, or a judge thereof in vacation, may grant alimony to either of the parties for his sustenance and expenses during the suit and allowances for the support of minor children of the marriage or by adoption during the pendency of the action for divorce, or alimony alone. When an appeal is taken by either party, the Court of Appeals, or a judge thereof in vacation, may grant like alimony and support during the pendency of the appeal, upon like notice."

It is to be noted that this section empowers but does not require the court upon a proper showing and in a proper case, to award reasonable interim expenses,

temporary alimony and support to a party in a divorce action. A party is not entitled to such an award as a matter of right. Whether or not an award should be made either for temporary alimony or interim expenses (attorney fees) is within the sound discretion of the court, giving due consideration to surrounding facts and circumstances. The factors to be considered in making such awards are the ability of the party against whom the order is made to pay, and the present needs of the party in whose favor the award is given, judged by the standard upon which the parties lived prior to the time domestic difficulties occurred, provided such standard was the free choice of the parties during such period of time.

In this case the plaintiff husband, in seeking a divorce from the defendant wife on grounds of extreme cruelty and gross neglect of duty, must, until final hearing of the case, as head of the household (Section 3103.03, Revised Code), continue to support both his wife and child in the manner as was his custom prior to the divorce action, when there is no claim that the standard previously maintained was not the free choice of the parties or wholly inadequate. And this obligation of support continues until the final decree, regardless of the wife's financial ability to provide for her own needs. *Englund* v. *Englund*, 92 Ohio App., 527, 110 N. E. (2d), 35.

In the case of *Norton* v. *Norton*, 111 Ohio St., 262, at page 269, 145 N. E., 253, the Supreme Court, in dealing with the question of the legal basis of an order of alimony pendente lite, said:

"The right to the amount is to be determined by the wife's necessities and by the husband's means."

The only purpose of such an award is support and not a means of allowing a wife a proportionate share of her husband's income. In many jurisdictions, the right to temporary alimony is not only dependent up-

on the wife's needs but also on the lack of her ability to provide them.

In Nelson on Divorce and Annulment (2 Ed.), 423, Section 12.27, it is said:

"The primary consideration affecting the granting of an allowance to the wife is her needs. If she applies for an allowance, she must show that she has not sufficient means to maintain herself pending the action and/or that she has not sufficient means to pay the expenses of prosecuting or defending the matrimonial action. Ordinarily neither temporary alimony nor suit money should be granted without such proof, and the application should ordinarily be denied where she is not in need of financial assistance from her husband for her support or her expenses in prosecuting or defending the matrimonial action."

It would seem to be the better view, however, that where action for divorce is commenced by the husband, his duty of support continued at least until final decree.

In granting interim support under the provisions of Section 3105.14, Revised Code, if the court goes clearly beyond the present needs of the wife and awards an amount far in excess of what the parties had been accustomed to use in their daily living by common consent, and bases the award entirely on the ability of the husband to pay without other limitation, such an award in effect would be a division of property and therefore without legal foundation in fact and law, and to make such an order would constitute an abuse of discretion.

Here the award would total more than $24,000 a year. The award for the living expenses of the wife and son per year is more than the value to be ascribed to the two-family house owned by the defendant in which the family lived before the action was begun and in which defendant and her son now occupy the first floor suite.

The court received into evidence a memorandum prepared by defendant's counsel, setting forth item by item his estimate of what the defendant's needs would be pending the final hearing of the case. Not only was such memorandum received as evidence, over the objection of the plaintiff (for which there can be no legal justification) but a number of the items as listed were included in the exact amount as listed as a part of the award without credible or competent supporting evidence. The award included funds for charity and vacations just as if it were a final decree for the defendant granting her prayer for separate maintenance and support before the trial of the issues presented by the pleadings. The amount of the order is far in excess of any of the reasonable immediate needs for support of the defendant and her son and was based entirely on plaintiff's ability to pay without consideration given to other essential factors.

The discretion which a court must exercise in awarding temporary support, which award must be made before either party is required to sustain or defend against the acts charged as a breach of the respective marital duties of the parties, that is, before the trial of the issues in the case, is a legal discretion applying recognized rules or principles of law to established facts. An abuse of discretion is manifest when such legal principles are completely disregarded. *Spreckles* v. *Spreckles*, 111 Cal. App. (2d), 529, 244 P. (2d), 917.

We must conclude that upon the undisputed facts presented by this record, the court committed an abuse of discretion in issuing its order in the amounts allowed for temporary support and alimony.

We likewise hold that the order for interim attorney fees as expenses for the suit cannot be justified on any legal basis. This defendant is possessed of sufficient funds to present her defense to plaintiff's petition and to prosecute the claims contained in her cross-petition.

In 35 A. L. R., page 1101, in the annotation following the case of *Wallman* v. *Wallman,* 48 Nev., 239, 229 P., 1, we find the following:

"The general rule is that a wife is not entitled to an allowance as suit money to maintain her divorce suit where she has sufficient means of her own."

We recognize that the Supreme Court in the case of *Stuart* v. *Stuart,* 144 Ohio St., 289, 58 N. E. (2d), 656, said that the right of a wife to expense money including attorney fees was provided for by statute, but in that case the court found that "the only recourse of the plaintiff is to pay her counsel out of such alimony."

And in the case of *Norton* v. *Norton, supra,* the court said, at page 270:

"Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit. In the case herein, ample evidence exists of the wife's financial inability to conduct the defense."

Whatever may be the conclusion of the court upon the hearing of this case on the merits, when this subject may be fully considered, there is upon the state of the record seeking temporary support and interim expenses (attorney fees) no legal justification for an order directing the plaintiff to pay to the defendant $5,000 as attorney fees to enable her to defend against plaintiff's action for divorce and to prosecute her cross-petition for separate maintenance and support. Such an order upon this record constitutes an abuse of discretion.

The order appealed from is, for the foregoing reasons, reversed and the motion remanded for further proceedings.

*Order reversed.*

HURD, P. J., and KOVACHY, J., concur.