BENTZ, APPELLEE, *v.* BENTZ ET AL., APPELLANTS.*

(No. 6314—Decided March 15, 1960.)

*Mr. Charles J. Chastang*, for appellee.
*Mr. John J. Chester, Mr. Clayton W. Rose, Jr.*, and *Mr. Robert P. Duncan*, for appellant.

McLAUGHLIN, J. The wife was granted a divorce and permanent alimony of $1,890 per month for 120 months, or a total of $228,000. The husband appealed.

While the appeal was pending, the husband paid temporary alimony in the amount of $12,000.

The husband lost his appeal. Upon return of the matter to trial court, the husband contended that he was entitled to credit for the $12,000 temporary alimony paid as against the permanent alimony award. The wife contended contra, and the question was submitted to the trial court which held with the wife as follows:

"Since neither counsel supplied any information having a direct bearing upon the question here involved, the court was obliged to make its own examination on the subject, and could find nothing in the law touching on the subject, pro or con. Hence the court concludes that the $12,000 is just what counsel have called it in their entry dated March 30, 1958, namely temporary alimony and that defendant is no more entitled to credit for it than he would be entitled to credit for those payments of temporary alimony paid under the order of this court to pay temporary alimony."

The husband now appeals that decision.

*Judgment affirmed, 171 Ohio St., 535.

The question for our decision is, whether payments of temporary alimony, made while the cause is being reviewed on appeal, are entitled to be credited against the trial court's award of permanent alimony.

Comments of the trial court and our research lead to the belief that the question is one of first impression, at least in Ohio.

The record in this case shows that after the divorce decree was affirmed by the Court of Appeals and the Supreme Court overruled the motion for certification of the record the husband, on March 31, 1959, paid the wife $103,186.50. This was payment of the monthly installment of $1,890 for the months of February 1958 to and including April 1959, with substantial interest. It is apparent that this big payment covered and included the months of March 1958 to March 1959, during which period the case was being reviewed. These payments were upon the permanent alimony award. During the same period the husband also paid the wife $12,000 as temporary alimony.

The underlying purpose of an alimony award, temporary or permanent, is support, sustenance and nourishment. See ''Alimony and Other Allowances,'' 18 Ohio Jurisprudence (2d), Section 190, ''Definition, Nature and Incidents of Alimony,'' pages 6 and 7; *Smith* v. *Smith*, 86 Ohio App., 479, 92 N. E. (2d), 418; *Durham* v. *Durham*, 104 Ohio St., 7, 135 N. E., 280; *Englund* v. *Englund*, 92 Ohio App., 527, 110 N. E. (2d), 35.

Temporary alimony is support until divorce is granted. Permanent alimony is a substitute for the wife's support by the divorced husband. See *Loth* v. *Loth*, 227 Minn., 387, at page 400, 35 N. W. (2d), 542.

Alimony is not due and payable as a debt. See *Fickel* v. *Granger*, 83 Ohio St., 101, 93 N. E., 527.

Thus the husband paid double alimony support during the year's time that the cause was under review. We do not conceive this to be the intendment of the law. It would enable the wife to be unjustly enriched. It would enable her to have her cake and eat it too.

The husband could with some equitable justification contend that he had fully discharged his support obligation for the year the cause was under review, by his $1,000 per month

temporary alimony payments. Thus he might have claimed an additional credit of $890 per month. He made no such claim, for which he is to be commended.

We are of the opinion that the payment of $12,000 as temporary alimony, made while the cause was being reviewed on appeal, is entitled to be credited against the trial court's award of permanent alimony.

The judgment of the trial court against the husband and his supersedeas bondsman, so far as it disallowed the $12,000 credit, is reversed. This cause is remanded with instructions that this credit be allowed and the supersedeas bondsman discharged.

*Judgment accordingly.*

BRYANT, P. J., and DUFFY, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.