DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Darlene Hering, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Division, which granted legal separation between her and Appellee, Paul A. Hering. We affirm.
 {¶ 2} Appellant filed for divorce from her husband, Appellee, on March 23, 2001. Trial of the issues in the divorce occurred on multiple days in April and June 2003. Following trial, counsel for both parties submitted proposed judgment entries and shared parenting plans. The court entered a final "Decree for Legal Separation" on November 4, 2003, which failed to include a certain provision proposed by Appellant. The court also denied Appellant's motion for attorney's fees. Appellee originally filed an appeal on December 3, 2003, though that appeal was dismissed following Appellee's failure to file a brief.[1] Appellant filed a timely cross-appeal, and raises two assignments of error for our review.[2]
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion having known the medical condition of [Appellant] it failed to include in its decree for legal separation the language from [Appellant's] proposed judgment entry/decree of legal separation specifically provision no. 23."
 {¶ 3} In her first assignment of error, Appellant argues that the trial court abused its discretion by failing to include a certain proposed provision in the decree of legal separation. Appellant asserts that her "serious cancerous condition" should have caused the court to include the proposed provision, relating to release of inheritance and other property rights by both parties, in anticipation of the possibility of her imminent death. We disagree.
 {¶ 4} The legal separation decree in this case made a full and final determination of property rights between the parties. While the domestic relations court did not include a provision waiving the rights of a surviving spouse, such a provision is unnecessary in this type of decree. In re Estate of Ramminger, 12th Dist. No. CA2002-08-189, 2003-Ohio-3697, at ¶ 11. Except where there is contrary language in a will, termination of the rights of a surviving spouse is implicit in the grant of legal separation. Id.; R.C. 2107.33(D). Accordingly, where two spouses enter into a legal separation decree intending to fully and finally determine property rights between them, each implicitly waives their rights as surviving spouse. The trial court, therefore, need not have included an express provision waiving rights which were already implicitly waived by the legal separation decree. We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion in failing to make an award of attorney fees to [Appellant] making those attorney fees payable by [Appellee] and further failing to make such an award of attorney fees was against the manifest weight of the evidence."
 {¶ 5} In her second assignment of error, Appellant contends that the trial court erred by failing to award her attorney's fees. Appellant argues that her inability to work and lack of assets, considered alongside Appellee's good earning capacity and extensive assets, required an award of attorney's fees to cover her outstanding $10,135 legal bill. We disagree.
 {¶ 6} Appellant opines that she is entitled to an award of $10,135 in attorney's fees under R.C. 3105.18(H):
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
The party requesting the fees under this section has the burden of demonstrating their reasonableness. Shaffer v. Shaffer (1996),109 Ohio App.3d 205, 214. As an award of attorney's fees is left to the sound discretion of the trial court, this Court will not reverse the trial court's decision absent an abuse of discretion. Holcomb v. Holcomb
(Sept. 26, 2001), 9th Dist. No. 01CA007795, at 16.
 {¶ 7} Both parties stipulated to the amount and reasonable nature of Appellant's outstanding attorney's fees bill of $10,135. The court, however, found that "[e]ach party will receive an equal share of the marital assets and * * * [n]either have significantly greater assets than the other." The facts of this case support the court's finding that both parties will have approximately equal assets, valued at over $90,000 each, available to pay legal expenses following the decree of legal separation.[3] Although the court further found that Appellant's medical condition prevented her from working, while Appellee earned approximately $53,830 annually, this disparity alone does not justify a finding that the trial court abused its discretion. After factoring in spousal support and child support obligations, Appellant acquires $18,000 annually in spousal support and Appellee retains $30,985 less the cost, if any, of health insurance for both Appellant and their minor child.
 {¶ 8} We find that the trial court did not abuse its discretion in finding that Appellant would not be prevented from fully litigating her rights or adequately protecting her interests without an award of attorney's fees. Following the legal separation, Appellant retained assets worth at least $90,000 and received annual support income of $18,000, exclusive of child support. She had adequate resources in which to fully and adequately litigate the issues rendering any award of attorney's fees improper. See Stone v. Stone (1954), 98 Ohio App. 240,245. Accordingly, we overrule Appellant's second assignment of error.
 {¶ 9} We overrule Appellant's assignments of error and affirm the decision of the Lorain County Court of Common Pleas, Domestic Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
Carr, P.J., Baird, J. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] For ease of discussion we will refer to Darlene as Appellant and Paul as Appellee, regardless of the fact that Paul was the original appellant/cross-appellee.
[2] Appellant passed away in February 2004, during the pendency of this appeal. Appellant's estate was thereafter substituted as a party.
[3] Those assets include each party's respective share of the marital residence and two rental properties, a value of approximately $90,000 per party. In addition, Appellant and Appellee are both entitled to $2,398 each in tax refunds, retain two vehicles apiece free of any liens, and share equally in the marital portion of Appellee's vested pension. Appellant also retained two horses, valued at $3,500, while the court awarded Herbie the goat to Appellee.