[Cite as *Dragovich v. Dragovich*, 2012-Ohio-4114.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ESTATE OF LISA DRAGOVICH | ) | CASE NO. 11 MA 200 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JEFFREY DRAGOVICH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
                               Pleas, Probate Division, of Mahoning
                               County, Ohio
                               Case No. 11 ES 248

JUDGMENT:                      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        Atty. Lynn Sfara Bruno
                               412 Boardman-Canfield Road
                               Youngstown, Ohio  44512

For Defendant-Appellant:       Atty. John F. Shultz
                               4822 Market Street, Suite 220
                               Boardman, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                               Dated:  September 7, 2012

VUKOVICH, J.

{¶1} Appellant Jeffrey Dragovich appeals the decision of the Mahoning County Probate Court, which dismissed his election to take against the will of Lisa Dragovich. The issue on appeal is whether a separation agreement incorporated into a judgment entry eliminates the husband's right as a surviving spouse to elect against the decedent's will, which excluded him as a beneficiary. We conclude that where a separation agreement evinces the parties' intention to fully and finally dispose of each party's prospective property rights in the property of the other, then the right to elect to take against a will is considered to have been relinquished unless the separation agreement expressly provides otherwise. The trial court's judgment is affirmed.

## STATEMENT OF THE CASE

{¶2} The Dragovichs married in 1995 and had no children. They filed for divorce in the Mahoning County Domestic Relations Court. They then mutually agreed to convert the divorce pleadings into those for legal separation. On February 9, 2010, the domestic relations court entered a Final Judgment Entry of Legal Separation. The introduction stated that the parties:

do settle and determine and hereby provide for present and future spousal support, the division of all property owned by the parties or either of them, real or personal, the payment of all liabilities of the parties or either of them, and all other benefits and privileges conferred

and all obligations imposed on either of the parties by virtue of their marital relationship.

**{¶3}** The separation entry provided that the parties would evenly split the $870 monthly checks they receive as a result of a marital business they previously sold. The entry also provided that should the husband predecease the wife, the wife will be able to claim and receive the entire amount of the check from the husband's estate (as she would no longer receive the agreed upon spousal support or health insurance).

**{¶4}** In April of 2011, the wife executed a will devising any money she was receiving from the sale of the former marital business to her mother and two sisters. The will stated that her husband was to receive nothing from her estate, specifically including in this prohibition the funds to which she was entitled under the final judgment entry of legal separation. The separation entry was attached to the will. The wife died two weeks later. On May 5, 2011, her sister applied to have the will probated.

**{¶5}** On September 23, 2011, the husband filed a timely election to take against the will. *See* R.C. 2106.25 (must be filed within five months from the appointment of the executor). The executor filed a motion to dismiss the election request, arguing that his election violates the portion of the separation document stating that the wife will receive half of the proceeds of the sale of the business. The executor pointed out that the separation agreement was valid as the husband did not file an action to set it aside within four months of the executor's appointment as

required by another statute. *See* R.C. 2106.22 (separation or antenuptial agreement valid unless action to set it aside is filed or it is otherwise attacked within four months of fiduciary's appointment).

**{¶6}** The husband replied that he was not seeking to set aside the separation agreement, also noting that there existed a separation entry rather than a mere separation agreement. He argued that there is no language in the separation agreement or entry that relinquished his statutory right to share in his wife's estate. He urged that the court should not infer the waiver of the right to elect against a will by the mere fact of legal separation.

**{¶7}** On November 16, 2011, the probate court dismissed the husband's election request. The court recognized that the separation entry does not specifically refer to rights that may emanate to a surviving spouse under probate law but relied on the introductory paragraph declaring that the parties have provided for the division of all property and have settled and determined all other benefits and privileges conferred by virtue of marriage.

**{¶8}** The court concluded that the issuance of a separation entry intended to settle and determine all property rights between the parties and thus terminated the right of the surviving spouse to elect to take against the will. The court agreed with case law holding that implicit in the grant of a final decree of legal separation is the termination of the rights of the surviving spouse. *See Hering v. Hering*, 9th Dist. No. 03CA8410, 2005-Ohio-262; *In re Estate of Ramminger*, 12th Dist. No. CA2002-08-189, 2003-Ohio-3697. *See also In re Estate of Robinson*, 2d Dist. No. 85CA16

(Sept. 19, 1985) (Kearns, J., dissenting). The probate court noted by analogy that there is a statute providing that a will to a former spouse is revoked (and the estate passes as if the surviving spouse predeceased the decedent) if the parties entered into a separation agreement intending to fully and finally settle their prospective property rights in the property of the other. *See* R.C. 2107.33(D)-(E).

{¶9} The husband filed timely notice of appeal from the probate court's dismissal of his election action, which was a final order. *See In re Estate of Riley*, 164 Ohio App.3d 471, 847 N.E.2d 22, 2006-Ohio-956, ¶ 11 (4th Dist.) (finding the dismissal of election action to be a final appealable order and explaining how certain election options could be foreclosed if appeal waited until final administration, such as right to certain property that could be sold by executor during administration). *See also In re Estate of Geanangel*, 147 Ohio App.3d 131, 137, 2002-Ohio-850, 768 N.E.2d 1235, ¶ 12-29 (3d Dist.2002) (order overruling an application for letters testamentary is a final, appealable order).

## ASSIGNMENT OF ERROR

{¶10} The husband's sole assignment of error provides:

IT IS REVERSIBLE ERROR FOR THE COURT, IN THE ABSENCE OF A SPECIFIC AGREEMENT WAIVING THE STATUTORILY CREATED RIGHT OF A SURVIVING SPOUSE TO TAKE AGAINST THE WILL OF A DECEASED SPOUSE, TO DISALLOW THE ELECTION TO TAKE AGAINST THE WILL BY THE SURVIVING SPOUSE.

{¶11} The husband makes three points: this is a separation, not a divorce; the separation was by judgment entry, not a mere agreement; and the entry was devoid of language explicitly waiving the right to elect against a decedent's will. He asks this court to adopt the position of the Second District in *Robinson* over the position of the Twelfth District in *Ramminger* and the Ninth District in *Hering*.

{¶12} The executor initially emphasizes that the husband has not sought to set aside or otherwise attack the validity of the separation agreement and entry. However, he need not do so because he does not wish to modify or eliminate the provisions of the entry. Rather, he asks for a ruling that the entry contains no specific language prohibiting him from exercising his statutory right to elect against his wife's will and thus he is not so prohibited; whereas, the executor argues that when two spouses enter a legal separation intending to fully and finally determine property rights, each implicitly waives their rights as a surviving spouse.

{¶13} In the Twelfth District's *Ramminger* case, a legal separation decree provided the wife with child and spousal support and divided the property between the parties. *Ramminger*, 12th Dist. No. CA2002-08-189. The wife then died, and the husband filed an election against the will under R.C. 2106.13 asking for a family allowance. *Id.* The Twelfth District noted that the separation entry did not include a clause waiving the rights of a surviving spouse but ruled that such a clause was not required because the decree extensively addressed and definitively made a full and final determination of the parties' property and support rights. *Id.* That court

announced: "We find implicit in the grant of the legal separation in the instant case is the termination of the rights of the surviving spouse at issue here." *Id.*

**{¶14}** The Ninth District was presented with a case where the wife argued that the domestic relations court abused its discretion by failing to include in a separation decree a proposed provision releasing the right of inheritance and other property rights in anticipation of the wife's death. *Hering*, 9th Dist. No. 03CA8410 at ¶ 4. The appellate court ruled that a provision waiving the rights of the surviving spouse was unnecessary because "where two spouses enter into a legal separation decree intending to fully and finally determine property rights between them, each implicitly waives their rights as surviving spouse." *Id.*, citing *Ramminger*, 12th Dist. No. CA2002-8-189 at ¶ 11 and R.C. 2107.33(D).

**{¶15}** The Second District has ruled to the contrary. In the *Robinson* case relied upon by the husband here, the domestic relations court filed an Agreed Final Judgment Entry for Alimony Only, which incorporated the terms of an oral separation agreement, divided all of the parties' property, and provided for support. The Robinsons did not divorce because the wife was ill and needed health insurance. Before dying, the wife executed a will omitting her husband. He then filed an election to take against the will. The probate court denied his request to elect against the will, finding that although the domestic judgment was silent regarding a release of claims against the other's estate, the elimination of such right is inferred.

**{¶16}** The Second District reversed, applying the reasoning of the Ohio Supreme Court in a case dealing with a prenuptial agreement. *Robinson*, 2d Dist.

No. 85CA16, citing *Troha v. Sheller*, 169 Ohio St. 397, 159 N.E.2d 899 (1959). In *Troha*, the Court held that "strong and unmistakable language" was necessary in a prenuptial agreement in order to deprive a surviving spouse of the special benefits conferred by statute such as the right to elect against a will. *Troha*, 169 Ohio St. 397 (agreement specifically waived statutory rights the surviving spouse had in her spouse's estate).

{¶17} The Second District then held that waiver of the statutory right to take against a spouse's will cannot be inferred; rather, there must be "a clear indication that he intended" to waive the right to election. *Robinson*, 2d Dist. No. 85CA16. The court concluded that the statement that the parties "have arrived at an agreement pertaining to a division of property as well as the establishment of alimony and other matters" was insufficient to waive election rights. *Id.*

{¶18} The dissent opined that a written waiver, while desirable, is not necessarily required where the intentions of the parties are readily discernible. *Id.* (Kearns, J., dissenting) (expressing that the parties essentially agreed to a de facto divorce with both agreeing to the total property each would take from the marriage). We note here that the language in the case before us is more specific than the language used in the agreement at issue in *Robinson*.

{¶19} As aforementioned, the probate court here cited the following statutory provisions by analogy:

(D) *If after executing a will*, a testator is divorced, obtains a dissolution of marriage, has the testator's marriage annulled, or, *upon actual*

*separation from the testator's spouse, enters into a separation agreement pursuant to which the parties intend to fully and finally settle their prospective property rights in the property of the other,* whether by expected inheritance or otherwise, *any disposition* or *appointment of property made by the will to the former spouse* or to a trust with powers created by or available to the former spouse, any provision in the will conferring a general or special power of appointment on the former spouse, and any nomination in the will of the former spouse as executor, trustee, or guardian *shall be revoked unless the will expressly provides otherwise.*

(E) Property prevented from passing to a former spouse or to a trust with powers created by or available to the former spouse because of revocation by this section *shall pass as if the former spouse failed to survive the decedent, and other provisions conferring some power or office on the former spouse shall be interpreted as if the spouse failed to survive the decedent.* If provisions are revoked solely by this section, they shall be deemed to be revived by the testator's remarriage with the former spouse or upon the termination of a separation agreement executed by them. (Emphasis added.)

R.C. 2107.33(D)-(E).

{¶20} Under the husband's argument, a separated decedent that had a prior will would have the terms of the will revoked if they benefit the surviving spouse

under division (D) and such surviving spouse's right to election would be eliminated by division (E), but the estate of a separated decedent without a will or with a will made after separation that excludes the surviving spouse would be subject to election, even where the terms of the separation agreements used in the opposing examples are identical. Although not directly on point, these statutory provisions support our conclusion that the proper rule in this case is that where spouses actually separate, a legal separation agreement which intends to fully and finally settle their prospective property rights will revoke a surviving spouse's right to elect against the will unless the agreement expressly provides otherwise.

{¶21} Here, the separation agreement provided for the division of prospective property rights in the monthly checks they receive. In fact, it provided the wife with the right to receive the husband's half of the checks upon his death over the claims of his estate. This supports a conclusion that other language in the agreement waived the right to elect against the will, because this provision is the only exception to the general language providing for the elimination of all benefits usually conferred by virtue of the marital relationship. Regarding that other language, the separation entry and agreement specifically stated that the parties:

> do settle and determine and hereby provide for present and future spousal support, the division of all property owned by the parties or either of them, real or personal, the payment of all liabilities of the parties or either of them, and all other benefits and privileges conferred

and all obligations imposed on either of the parties by virtue of their marital relationship.

**{¶22}** The right to elect against a will is one of the "benefits and privileges conferred * * * by virtue of their marital relationship." As such, we conclude that the parties intended their separation agreement to fully and finally settle their prospective property rights in the property of the other, and thus, the right to elect against the will has been waived by the husband.

**{¶23}** Judgment affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.